JERRY O'MARA, Appellant, v. NEWTON & NORTHWESTERN
RAILWAY COMPANY, Appellee.

Actions: DISMISSAL. The appointment of a receiver for one of the
1 parties after the commencement of an action is not ground for
its dismissal.

Same: DISMISSAL BY COURT. Where a cause had been continued by
2 agreement of parties to accommodate one of the attorneys, a
dismissal of the same by the court on its own motion, without
having previously made any order that it should be brought to
trial or it would be dismissed, and no trial notice having been
filed, was improperly entered.

*Appeal from Jasper District Court.*—HON. BYRON W.
PRESTON, Judge.

MONDAY, OCTOBER 21, 1912.

APPEAL by plaintiff from an order overruling an appli-
cation to reinstate on the calendar a cause dismissed for
want of prosecution.—*Reversed.*

*Tripp & Tripp,* for appellant.

*Morgan & Korf,* and *Dyer & Dyer,* for appellee.

LADD, J.—The petition, alleging injury to a horse by
collision with the defendant's train in a right of way where
it had the right to fence, was filed January 24, 1907, and
an amendment thereto October 17th followed. The answer,
a general denial, was filed the same day. The trial was
begun October 18th, and resulted in a judgment for $350
October 29, 1907. The defendant appealed, and the judg-
ment was reversed November 19, 1908. 140 Iowa, 190.

*Procedendo* issued April 12, 1909, and was filed in
the district court the next day; but the case was not placed
on the calendar until October, 1909, term of court. Nothing
was done with it at that term, and at the November, 1910,
term there was a continuance because of no trial notice hav-
ing been filed. No entry appears to have been made at
the January, 1911, term; but on the first day of the April
term following—that is, April 11th—the court, on its own
motion, entered an order dismissing the cause for want of
prosecution, and taxed the costs against the plaintiff. Coun-
sel for plaintiff did not ascertain this until May 4th follow-
ing, and on the next day G. M. Tripp, a member of the
firm of Tripp & Tripp, orally requested the court to set
the judgment aside and reinstate the cause on the calendar,
saying that he had not learned of the judgment until the
evening before; that the cause had been continued from time
to time by agreement of parties; and that the plaintiff de-
sired to try the case. The court required application to be
made in writing, which was done May 9th, and, in addition
to what was said orally, and the foregoing facts, recited that
the attorneys for plaintiff resided at Colfax, a distance of
twelve miles from the county seat; that the cause had been
continued from time to time by agreement of parties, the
defendant's attorneys having consented thereto on account
of the condition of G. M. Tripp's eyesight; that his left
eye had been seriously injured May 16, 1909; that his phy-
sician had advised him that to use his eyes much would en-
danger his eyesight, and did not permit him, until Decem-
ber, 1910, to read, and then he could do so but little before
his eyes would blur, and since which time he has been able
to do only a little reading. This showing was supported by
affidavit and not contradicted. No order had been entered
exacting that, unless the case were brought on for trial, it
would be dismissed; nor had any trial notice been filed
for the term at which the dismissal was entered. The court,
in overruling the motion, assigned the following reasons

therefor:    (1) The cause had been on the calendar many
years.    (2) No effort had been made to bring it on for
trial, and it could not then be 'tried, as the jury had been
discharged.    (3) Court was tired of calling it, and the
defendant had gone into the hands of a receiver appointed
by the federal court.

   The mere circumstance that a receiver had been ap-
pointed since the action was begun, of course, furnished no
reason for its dismissal (*Weigen v. Insurance Co.*, 104

1. ACTIONS:        Iowa, 410), and undoubtedly the court could
  dismissal.         have relieved itself of the burden of calling
this case without dismissing it.    Indeed, the practice pre-
vails in many counties of the state of not printing causes
not noticed for trial on the bar docket more than once a
year, and of dismissing for want of prosecution those run-
ning on the calendar longer than a period designated, in
the absence of a showing of merit and excuse for delay.
What may have been the practice of the court in Jasper
county is not disclosed.

   But, though the cause was promptly tried in the first
instance, it had been pending since its reversal in November,
1908.    The delay in the issuance of the *procedendo* and
                     docketing the cause is not explained.    It is
2. SAME:           to be said, however, that defendant had taken
  dismissal
  by court.          no exception thereto.    Thereafter the con-
tinuances were by agreement.    It may be that, notwith-
standing the condition of Mr. Tripp's eyes, he could
have tried the case, or his partner have done so without
him; but defendant's counsel evidently deemed his condition
such as to justify them in acquiescing in his desire that
the trial be postponed until he might participate therein
without danger to himself, and we are of the opinion that
the court should have recognized their right, in the absence
of any order or rule of court to the contrary, to postpone
the trial over the term.    Had the court required in advance
the disposition of this or of the causes generally which had
been on the calendar for a defined period at that term,

thereby advising litigants of the necessity of trying their causes, or having dismissals for want of prosecution entered, appellant would have had no cause of complaint. But no order of the kind had been entered; and, as the parties had agreed upon a continuance, counsel had the right to suppose that this arrangement, in the ordinary course of business, would be recognized and prove effectual. Instead, without warning, the action was dismissed by the court on its own motion, and at a time when another action on the same cause might not be maintained owing to the statute of limitations. While recognizing the large discretion a trial court may exercise in the control of its calendar, we can not avoid the conclusion that its order and ruling in the case at bar, though not so intended, was somewhat arbitrary, and not to be approved.—*Reversed.*