MATTIE PRIDE, Appellant, v. CHAS. A. KITTRELL, Appellee.

No. 42586.

NOVEMBER 13, 1934.

Bernard Stenzel, for appellant.

Pike, Sias, Zimmerman & Butler, for appellee.

ANDERSON, J.—An original petition in this case was filed on February 26, 1932, in the district court of Black Hawk county, Iowa, attempting to state a cause of action for damages based upon alleged slanderous statements alleged to have been made by the defendant of and concerning the plaintiff. Most of this petition was eliminated by the court on motions of the defendant to strike and for more specific statement. In March, 1933, the plaintiff having secured new counsel, an amended and substituted petition was filed. This second pleading was attacked by motions to strike and to make more specific, which motions were in most part sustained, and in March, 1933, a second amended and substituted petition was filed by the plaintiff. This pleading was also attacked by motions, and in response to the court's rulings thereon a third amended and substituted petition was filed in July, 1933. To the last pleading of the plaintiff the defendant filed answer generally denying the allegations of plaintiff's third amended and substituted petition. A trial notice was filed for the September, 1933, term of court, and the cause was assigned for trial for the 9th day of October, 1933. There was a reassignment of the case, and the time for trial was fixed for October 16, 1933. The case was reached for trial on the 16th day of October, and, neither the plaintiff nor her counsel being present and there being no motion for continuance on file, the case was dismissed by the court for want of prosecution, and judgment was entered against the plaintiff for costs. Some time later, but during the same term of court, the plaintiff filed a motion supported by affidavit to have the cause reinstated and continued over the term. This motion was overruled, and the plaintiff has appealed from such ruling.

It appears that sixteen days before the beginning of the September term of court in Black Hawk county appellant's counsel was severely injured. He was sufficiently recovered, however, to be at his office on September 18th, the first day of the September term of court. It appears that he requested of counsel for the defendant that the case be set for trial two or three weeks ahead in order that he might recover from his injury, and in compliance with this request the case was assigned for trial on October 9th. Prior to October 9th, one of the attorneys for the defendant advised the plaintiff's

counsel that the defendant was insisting upon the case being tried and disposed of at the present term of court, and that they could not consent to its being continued over the term, but they were willing to allow the case to be placed at the foot of the trial assignment, and the date of trial was accordingly changed to October 16th. Plaintiff's counsel was advised of this change and also advised that the case must be disposed of at that time. It appears that the assignment of cases for trial with any changes made thereon is kept posted upon a bulletin board in the attorneys' room at the courthouse; that counsel for plaintiff was in his office, and at the courthouse from time to time up to the 16th day of October, and was at the courthouse on the morning of the 16th of October, about 9 o'clock. His office is only a block away from the courthouse, is equipped with a telephone, and has an attendant most of the time. No motion for a continuance of the cause was filed, although both the plaintiff and her counsel state in affidavits filed in support of the motion for reinstatement that they were trying to obtain the services of some other attorney to appear in the case, but were not successful in doing so.

Appellant's assignment of errors does not conform to the rules of this court. There is no statement in appellant's brief and argument as to propositions relied upon for reversal, and there are no citations supporting any brief point made. However, we will consider the matters raised upon appeal on their merits.

■ The first three so-called errors relied upon for reversal allege error in the court's rulings on motions to make the various petitions more specific and to strike certain portions thereof, but a sufficient answer to these assignments even though they are properly made, is that the plaintiff met all such rulings by pleading over, and that at the time the case was called for trial the case was at issue. And should it be reversed on this appeal, on other assignments of error, it would go back to the district court for trial upon the issues joined in the so-called third amended and substituted petition and the answer of the defendant.

■ The other two assignments of error pertain to the ruling of the court in dismissing the cause for want of prosecution and in refusing to reinstate the same upon the appellant's motion; the appellant insisting that such action by the court was an abuse of the discretion vested in the court, principally for the reason that it encourages trickery and treachery on the part of opposing counsel.

There is no showing in the record of any trickery or treachery on the part of any one in this case. It appears without controversy that defendant was insisting that the case be tried and disposed of at the September term of court, that the defendant knew of the situation and knew that the case was assigned for trial, and also had knowledge that it had been reassigned at the request of counsel for the plaintiff, and yet no motion for a continuance was filed by the plaintiff and no effort made to have the cause continued. There is absolutely no showing in the record that would furnish any excuse for the plaintiff's neglect. Plaintiff knew of her counsel's physical condition in time to have procured other counsel and according to her affidavit was attempting to do so. She had ample time within which to prepare and file a motion for continuance of the cause. The neglect to procure other counsel or to file motion for a continuance or to appear at the time the cause was assigned for trial cannot be excused. Snell v. Iowa Homestead Co., 67 Iowa 405, 25 N. W. 678; Ryan v. Phoenix Insurance Co., 204 Iowa 655, 215 N. W. 749; Iowa Cord Tire Co. v. Babbitt, 195 Iowa 922, 192 N. W. 431; Church v. Lacy, 102 Iowa 235, 71 N. W. 338.

It must be conceded that ordinarily a motion for reinstatement of a cause of action dismissed for want of prosecution appeals to the discretion of the trial court, and the court's ruling in refusing to reinstate will not be reversed except for a clear abuse of such discretion. Klepfer v. City of Keokuk, 126 Iowa 595, 102 N. W. 515, Krause v. Hobart, 173 Iowa 331, 155 N. W. 279, and Iowa Cord Tire Co. v. Babbitt, supra. There is no such abuse of the discretion lodged in the trial court shown in this case as would warrant a reversal of the court's ruling on the motion to reinstate. We have repeatedly held that a client is charged not only with his own negligence, but with the negligence of his attorney, and that such negligence does not constitute a ground for setting aside a default or for reinstatement of a cause of action. We said in Iowa Cord Co. v. Babbitt, supra:

"It is a rule well settled, and necessary for the orderly and timely discharge of the business of the courts, that a client is charged with the neglect of his attorney. This general rule is stated in many of our decided cases."

The appellant relies upon the case of O'Mara v. Railway Co., 156 Iowa 701, 137 N. W. 942, but this case is not at all parallel and

furnishes no support for the appellant's contention in the case at bar. In the cited case no trial notice was filed. The cause had been continued by agreement of parties several times and the court on its own motion and without assigning the case or making any previous order that it should be brought to trial dismissed the same. On appeal we held such dismissal error, but the facts as disclosed by the record in that case show an entirely different situation than the one we now have before us.

It follows from the foregoing discussion that there was no error in dismissing the action for want of prosecution and no error in refusing to reinstate the same upon appellant's motion. An affirmance necessarily follows.—Affirmed.

MITCHELL, C. J., and STEVENS, KINTZINGER, and CLAUSSEN, JJ., concur.