STATE OF IOWA, appellee, v. ROBERT STREIT, appellant.

## No. 49011.

(Reported in 80 N.W.2d 318)

JANUARY 15, 1957.

Smith, Pogge & Stageman and Roy W. Smith, all of Council Bluffs, for appellant.

Dayton Countryman, Attorney General, Dudley C. Lowry, Assistant Attorney General, and Matt Walsh, County Attorney, of Council Bluffs, for appellee.

LARSON, J.—Defendant, Robert Streit, was indicted for uttering and publishing a forged check in violation of section, 718.2 of the Code of Iowa, 1954. A jury found him guilty and he was sentenced to the penitentiary for a term not to exceed ten years. Upon appeal he assigns as error the trial court's ruling permitting a bank cashier to testify as to his opinion of the sameness of signatures on a bank signature card and the uttered instrument before the court. While it is now contended such evidence was inadmissible, the defendant's objection made in the trial of the case, and upon which he must now rely for reversal, is as to the competency of the bank cashier to testify as an expert on handwriting in this matter. The trial court overruled defendant's objection and properly denied defendant's motion for a new trial based thereon. The judgment must be upheld.

At the trial the State produced the cashier of the Ralston Bank upon which the instrument was drawn and in which defendant had a personal checking account. The cashier, Mr. Littrel, testified he had been cashier or an assistant cashier in banks for over five years, and in the course of his duties he compares signatures on checks with the signatures on cards of bank depositors and he is able to distinguish differences in persons' handwriting. He stated he had compared the indorsement on the back of the uttered check and the signature on the bank signature card of the defendant, and had an opinion as to whether or not the signatures were the same. Upon being asked his opinion, counsel for defendant said: "We object to that question for the reason that there has been no sufficient foundation laid to permit this witness to testify here as an expert. He is incompetent in that regard." In response to the court's inquiry, "Is that all", counsel said, "Yes, sir", and the court then stated, "Overruled. The weight of the testimony is for the jury. Answer. (Exception)", and the witness said, "My opinion is it is the same handwriting that is on the signature card."

Complaint is now made for the first time that the signature card used in the comparison by Cashier Littrel was not produced in court, and that there is no showing where and when the purported expert examined the signatures together and under what circumstances the comparison was made. As to these propositions defendant is not entitled to consideration by this court.

I. Contentions made here, but not raised in the court below by exception to instruction or otherwise, will not be considered although a close examination of the record discloses the time and manner of comparison by the witness Littrel sufficient to justify this testimony. At least, we usually will not consider these claimed errors where the admission of evidence was not properly objected to nor complaint made to the trial court as to the basis of its alleged incompetency. State v. Walters, 244 Iowa 1253, 58 N.W.2d 4; State v. Mauch, 236 Iowa 217, 17 N.W. 2d 536. Also see State v. Stuart, 241 Iowa 1004, 1007, 43 N.W. 2d 702; 3 Am. Jur., Appeal and Error, section 820, page 361; 24 C. J. S., Criminal Law, section 1669, page 268.

We sometimes review such assignments of error as a matter of grace. State v. Ganaway, 243 Iowa 1316, 1318, 55 N.W.2d 325, 326, and cases cited therein. We feel no great compulsion to do so in this case where not one citation of authority is given us upon which defendant bases his propositions of error. This is inexcusable. Pride v. Kittrell, 218 Iowa 1247, 257 N.W. 204.

II. There is no merit in defendant's contention that the trial court erred in permitting the witness Littrel to give his opinion as to the sameness of properly identified signatures compared by him relative to this matter. Littrel was an experienced bank cashier and accustomed to comparing signatures to determine their genuineness. He qualified as an expert and his opinion as such was competent and material. In a very early case we recognized the qualification of such a person in Hyde v. Woolfolk and Bacon, 1 (Cole) Iowa 159, at pages 165 and 166, where we said: " * * * Take the instance of bank bills. On these, the *best* expert would be a counterfeiter, and the next best, men employed in banks * * *."

Section 622.25, Code of Iowa, 1954, provides: "Evidence

respecting handwriting may be given by experts, by comparison, or by comparison by the jury, with writings of the same person which are proved to be genuine." We considered this section, then section 11278 of the 1939 Code, in State v. Wickett, 230 Iowa 1182, 1188, 300 N.W. 268, 271, stating that the "three witnesses should have been permitted to give their opinions on the questioned signature." We said: "This section, in substantially the same language, and with the same meaning, (Murphy v. Murphy, 146 Iowa 255, 125 N.W. 191) has been construed many times by this court. * * * The expert witnesses base their opinions upon comparison of the questioned writing with handwriting of the claimed writer." As to the "standard"—in the case before us the signature card at the bank—we said at page 1189 of 230 Iowa: " 'Two obvious methods of proving the standard writing, are: first, by the testimony of a witness or witnesses who saw the party write it; and secondly, by the party's admission, when not offered by himself.' "

■ There are, of course, other acceptable methods of proving "standards", and in the case before us we think the testimony that the defendant had an account at the witness's bank, that all persons having such accounts were required to sign a signature card when opening the account, and that defendant had such a card at the bank, was sufficient to establish the standard with which Littrel testified he compared the check indorsement in issue, particularly in view of the fact no objection was made to this "standard." Defendant failed to take the stand in his behalf, and of course did not deny that testimony. For further discussion relating to the admissibility of such testimony, see Hammond v. Wolf, 78 Iowa 227, 233, 42 N.W. 778, and cases cited therein; State v. Peck, 228 Iowa 1061, 291 N.W. 439.

While these cited cases discuss the basis of testimony given by the expert or comparing party, and no objection was made in the trial below as to Littrel's testimony on this ground, we nevertheless have examined and considered this defendant's proposition in connection with the objection relating to his testimony as an expert. We find no error, certainly no reversible error by the trial court, in permitting jury consideration of that testimony. Clearly Littrel, whose experience as a bank

cashier constantly called upon him to make just such comparisons of signatures, is qualified as an expert and may give his opinion of the sameness of properly identified signatures for the benefit of jury consideration. The jury members may thus evaluate the opinion and give it the import they feel it deserves. There being no reversible error, the case must be affirmed.—Affirmed.

All JUSTICES concur.