STATE OF IOWA, appellee, v. NILE EARL WOOD, appellant.

No. 50390.

NOVEMBER 14, 1961.

Lake M. Crookham, of Oskaloosa, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Harold B. Heslinga, Mahaska County Attorney, for appellee.

PETERSON, J.—Appellant was charged in a County Attorney's information with operating a motor vehicle on a public highway while intoxicated, in violation of section 321.281, 1958 Iowa Code. Upon trial the jury found him guilty. He was fined $300. He has appealed.

Appellant urges and argues three alleged errors: 1. In giving Instruction No. 11, in regard to evidence of a blood test. 2. In refusing to submit to the jury defendant's requested Instruction No. 4, which also pertains to the blood test. 3. In admitting the evidence, over defendant's objection, of the witnesses: Walter Tharp, sheriff; Harmon Wymore and Ralph Mitchell, police officers; Dr. F. O. W. Voigt, Karl J. Horn and Dr. Joseph I. Routh, who testified in regard to defendant's condition at the time he was arrested, and to the blood test.

At about 1:45 on Sunday afternoon, June 5, 1960, Mr. Frank Moore, a merchant policeman, was driving toward Oskaloosa, about one and one-half mile southeast of Beacon in Mahaska County, when he noticed a car ahead of him weaving back and forth across the road. He stopped the car and the conversation was: Mr. Moore:

"Q. There is something wrong with you. You ain't sick, are you? A. No." Moore then said: "You are drunk. You just leave it just as it is." Defendant then shut off his ignition.

Mr. Moore drove into Oskaloosa and reported the incident to the police.

Defendant apparently started his car, and drove to the rooming house where he roomed in Oskaloosa. The police found him there about 20 or 30 minutes later. He had taken off his shoes and was in bed when they found him. They took him to

the police station, and, by the usual tests, found him intoxicated. He consented to a blood test, and when the report came back from Iowa City it showed 374 milligrams per cent of alcohol per 100 centimeters of whole blood (150 milligrams per cent is evidence of intoxication).

It is at this point the real question in the case arises. Appellant claims he drank a pint of whiskey after he came back to his room, and that was what made him drunk; that when he was out on the road he was not intoxicated.

I. Appellant contends Instruction No. 11 is erroneous. It has reference to the blood test. The court states such test, to be admissible, should be made only after voluntary consent by defendant. Appellant insists the instruction was contrary to Instructions Nos. 7 and 8.

Instruction No. 7 provides: "It is the contention of the defendant that he drank no intoxicating liquor on June 5, 1960, prior to his arrival at his apartment in Oskaloosa, Iowa, and he has offered evidence bearing on such contention. In determining whether or not the defendant was intoxicated at the very time he operated his automobile on the date in question, if he did operate it, you should take into consideration the evidence so offered by the defendant, and if, in the light thereof taken in conjunction with all the other facts and circumstances as disclosed by the evidence, you have a reasonable doubt as hereinbefore defined as to the guilt of the defendant, then it would be your duty to acquit him."

As to Instruction No. 8, after stating defendant's claim of drinking only after he came home, the court said: "If you find this to be a fact, then you will disregard all testimony as to the analysis of the blood taken from defendant on the occasion following his arrest, and the testimony of the officers Wymore and Mitchell and Sheriff Tharp in regard to the condition and actions of the defendant at the time of his arrest and thereafter, and will give such evidence no consideration in your deliberations in this case."

In connection with appellant's contentions it is pertinent to again say, as we have so often said, the court's instructions must be considered as a whole. All elements involved in any

case cannot be squeezed into two or three instructions. State v. Heinz, 223 Iowa 1241, 275 N.W. 10, 114 A. L. R. 959; State v. Mart, 237 Iowa 181, 20 N.W.2d 63; State v. Katz, 241 Iowa 115, 40 N.W.2d 41; State v. Sampson, 248 Iowa 458, 79 N.W.2d 210.

When considered in the context of all instructions, No. 11 was not prejudicial to defendant, and was not contrary to the import of Instructions Nos. 7 and 8.

II. Appellant contends his requested Instruction No. 4 should have been submitted. It refers to the blood test. Every element contained in the requested instruction is contained in substance in Instructions Nos. 7 and 11. The rights of appellant as a defendant were fully protected by the instructions submitted to the jury. No error appears here.

III. Appellant objects to admission of the testimony of the sheriff, the two police officers, the two doctors and the laboratory assistant. Appellant's theory is based on his contention that he was not drunk when driving on the road, but became drunk afterwards; that the testimony of these witnesses prejudiced the jury, since it did not pertain to his condition when driving.

Appellant's counsel tenders a complicated explanation in connection with the blood test, attempting to show the intoxicated condition did not reach far enough back to show he was drunk when driving.

The facts are quite simple. Mr. Moore stopped him on the road and testified he was drunk, as heretofore outlined. When defendant was arrested he was quite cooperative and said he started to drink whiskey at five o'clock a.m. on June 5 and kept drinking until the bottle was empty. By the time of the trial he had changed his story.

The question was therefore squarely before the jury; did they believe Mr. Moore, and any corroboration of his testimony, or did they believe defendant? The jury did not believe defendant; they found him guilty.

The court protected defendant in Instructions Nos. 7 and 8, heretofore outlined. It instructed that if defendant's contention of no drinking until after his return to his room created a

reasonable doubt .as to his intoxication when he was driving, they should acquit. Also if they believed defendant's contention, they should give no consideration to the testimony of the officers, nor to the blood test.

■ IV. Appellant listed seven issues in his brief and argument. His counsel argued only three. Rule 344, Rules of Civil Procedure, provides: "Errors or propositions not stated or argued shall be deemed waived." In State v. Mead, 237 Iowa 475, 476, 22 N.W.2d 222, we said: "The rule is well established that errors assigned which are not argued are deemed waived." See also State v. Harding, 204 Iowa 1135, 216 N.W. 642; State v. Neifert, 206 Iowa 384, 220 N.W. 32; State v. Sampson, supra.

The case is—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.