**Ernest E. PITMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21089.**

United States Court of Appeals
Ninth Circuit.

June 21, 1967.

Ernest E. Pitman, in pro. per.

Charles L. Kellar, Las Vegas, Nev., for appellant (on brief).

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before HAMLIN, JERTBERG and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge.

Ernest E. Pitman, appellant herein, was convicted by a jury in the United States District Court for the District of Nevada of assault with a dangerous weapon during a bank robbery, a violation of 18 U.S.C. § 2113(d). He filed a timely appeal in this court which has jurisdiction under 28 U.S.C. § 1291.

Appellant does not challenge the sufficiency of the evidence to support a conviction, nor does he complain of the instructions given to the jury. His first assignment of error is that the indictment is defective because (1) it fails to charge that he willfully committed the acts set out in the indictment and for that reason does not charge a crime; and (2) because it erroneously charges more than one crime in a single count. The charging part of the indictment is set out in the margin.[1] The statute under which the appellant was indicted reads as follows:

§ 2113. Bank robbery and incidental crimes

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

\*   \*   \*   \*   \*   \*

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

There is no merit to either of appellant's challenges to the indictment. The indictment charges the crime in the language of the statute. That is sufficient.[2] Smith v. United States, 250 F.2d 37 (4th Cir. 1957) cert. denied 355 U.S. 965, 78 S.Ct. 555, 2 L.Ed.2d 540. Cf. United States v. Parisi, 365 F.2d 601 (6th Cir. 1966); Byers v. United States, 175 F.2d 654, 656 (10th Cir. 1949); Cossack v. Swope, 114 F.2d 998, 1000 (9th Cir. 1940). The indictment charges only a violation of section 2113(d), an

---

1. "That on or about the 2nd day of August, 1965, in Clark County, State and District of Nevada, ERNEST E. PITMAN, by force and violence and by intimidation, did take from the person and presence of Mrs. Gerd Simmons, currency in the sum of $10,155.00, belonging to and in the care, custody, control, management and possession of the Sunrise Branch of the Bank of Las Vegas, 2925 East Fremont, Las Vegas, Nevada, the deposits of which were then insured by the Federal Deposit Insurance Corporation and Ernest E. Pitman, in committing the aforesaid acts did assault one Mrs. Gerd Simmons, and did put in jeopardy the life of the said Mrs. Gerd Simmons by the use of a dangerous weapon, that is, a firearm, in violation of Title 18, Section 2113(d), United States Code."

2. The jury was adequately instructed on the requirements of proof as to willfulness and intent.

element of which is a violation of section 2113(a). Only one crime was charged. Bayless v. United States, 347 F.2d 354 (9th Cir. 1965).

 Appellant's second contention is that certain evidence was procured by an unlawful search and seizure. We disagree. The evidence shows that deputy sheriff Earl Johnson was driving on patrol in the vicinity of the Bank of Las Vegas, Sunset Branch, when he received a radio call that the bank had been robbed. He immediately drove to the bank, got out of his car, and saw a man running toward the parking lot shouting, "He has just robbed us. He is going this way" [pointing]. Johnson got back into his car and moved it to block the exit from the bank parking lot. He then saw one of the bank employees "by a station wagon." As Johnson approached he saw a bystander directing his attention to the appellant sitting in the station wagon. Johnson told appellant to put his hands up where he could see them, and opened the car door. Immediately appellant stepped out of the car and without any questioning from Johnson said, "I am the fellow you are looking for; I heisted the bank." "The money and the gun are right here." Appellant pointed into the car and in clear view was an open brown plastic bag containing some currency and an automatic pistol. Johnson did not have to enter the car in order to see these things. He then placed appellant under arrest, handcuffed him, and put him in the patrol car.

About this time an FBI agent who also received a radio call of the robbery arrived at the parking lot, saw Johnson with appellant in his custody, and looked into appellant's station wagon. Without entering the car he saw the brown plastic bag containing currency, the automatic, and a pink cloth stuffed inside a hat.[3] There was over $10,000 in the plastic bag. He removed these articles from the car and they were later introduced in evidence at appellant's trial. Under the circumstances of this case we hold there was probable cause for the arrest of appellant, and taking the articles from the automobile was incident to this lawful arrest. The introduction of these articles into evidence was proper.

 Appellant's contention that the statements he made as he stepped out of the automobile were improperly admitted in evidence because he was not warned of his constitutional rights is likewise without merit. The record shows that appellant's statements were spontaneous and were made by him before any questions had been asked and were entirely voluntary upon his part. We have examined the record and find there was ample evidence to sustain appellant's conviction, that his arrest was proper, and that the evidence found in the car was properly admitted into evidence.

Judgment affirmed.

---

3. A similar cloth was used during the robbery to hide the gun of the robber.