David Walker LAMB, Petitioner,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 67–C–40–D.

United States District Court
W. D. Virginia,
Danville Division.

Aug. 28, 1967.

13.  15 U.S.C. § 687c(b).

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by David Walker Lamb, a state prisoner, filed pursuant to the provisions of 28 U.S.C. § 2241. The petition, filed *in forma pauperis*, was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on July 7, 1967.

On February 7, 1964 petitioner was convicted of grand larceny and two counts of breaking and entering by the Circuit Court of Albemarle County. Pursuant to that conviction, a four year sentence was imposed. Although this sentence expired December 20, 1966, it is now the subject of attack by petitioner on the grounds that in March of 1966 the warden in charge of Road Camp 15 at Chatham, Virginia, refused to allow petitioner to mail a petition for a writ of habeas corpus attacking the sentence he was serving at that time.

Petitioner is now serving a two year sentence for statutory burglary following his conviction in the Corporation Court for the City of Charlottesville, Virginia on February 27, 1964. The validity of this conviction is not questioned in petitioner's present application.

Upon the expiration of this sentence in May of 1968 petitioner will begin serving a one year sentence pursuant to his conviction in the Circuit Court for the City of Richmond, Virginia, for his escape from Road Camp No. 15 at Chatham, Virginia. Petitioner does not question the validity of this conviction in his present application. The prison records show that this one year sentence, imposed July 27, 1966, will expire January 9, 1969 (taking into account statutory industrial and good time allowances). At that time petitioner will begin to serve another one year sentence pursuant to his conviction in the Circuit Court of Pittsylvania County, Virginia, on October 31, 1966 for grand larceny of a truck used in petitioner's escape from the Chatham Road Camp. The latter conviction is subject to attack in petitioner's present application for a writ of habeas corpus.

Petitioner lists three contentions in his attack upon the Pittsylvania County Circuit Court conviction:

(1) The trial court, over petitioner's timely objection, admitted into evidence a confession made without warning of petitioner's right to the assistance of counsel or his right to remain silent.

(2) Petitioner's confession was the product of coercion and was thus constitutionally inadmissible.

(3) Petitioner's court appointed attorney provided him with ineffective representation.

Before appraising the merits of petitioner's various contentions, it is necessary to examine this court's jurisdiction to entertain each of petitioner's allegations. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) interpret 28 U.S.C. § 2254 to mean that before the federal courts may properly entertain a habeas corpus petition under § 2241 a prisoner must have exhausted one of the alternative state remedies available to him at the time of his application for the writ.

Petitioner's allegation that his constitutional rights were violated in his trial by the Pittsylvania County Circuit Court in that his confession was improperly admitted into evidence was before the Virginia Supreme Court of Appeals on petition for writ of error. This petition was denied by order entered March 3, 1964. With respect to this contention, therefore, petitioner is properly before this court.

However, with respect to the two other grounds upon which petitioner attacks the Pittsylvania County conviction and with respect to the single ground upon which petitioner attacks the now expired Albemarle County sentence, the petition and the record accompanying it reveal that petitioner has made no effort

to present these contentions through habeas corpus to the state courts. Until petitioner has exhausted this state remedy, a federal court may not properly entertain these issues on a habeas corpus petition. 28 U.S.C. § 2254.

In his answer, respondent maintains that this court lacks jurisdiction to entertain petitioner's application for the writ because petitioner is not currently "in custody" within the meaning of 28 U.S.C. § 2241. Respondent states that petitioner is now detained pursuant to his conviction by the Corporation Court for the City of Charlottesville, that this conviction is not under attack by petitioner, and that the writ of habeas corpus lies only to challenge the validity of petitioner's present detention.

Respondent's objection to this court's jurisdiction of petitioner's attack upon the expired Albemarle County sentence is based on those cases which have refused to entertain habeas corpus petitions from prisoners attacking sentences which they have already served. See Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960) (per curiam). Since petitioner has not yet sought relief from the Albemarle County sentence through state habeas corpus proceedings, this court need not pass upon this jurisdictional question raised by respondent.

Respondent's objection to this court's jurisdiction of petitioner's attack upon the Pittsylvania County conviction is based on the principle that under the "in custody" requirement of 28 U.S.C. § 2241 habeas corpus is unavailable unless the petitioner is entitled to be released immediately. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Under the "prematurity" doctrine enunciated in that case, it has been held that a prisoner serving a lawful sentence is barred from attacking, in the habeas corpus jurisdiction, a future consecutive sentence until commencement of the allegedly invalid term. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963). See Note, Habeas Corpus, Custody and Declaratory Judgment, 53 Va.L.

Rev. 673, 675 (1967). However, in two recent cases the Fourth Circuit has made it clear that this rule is not to be mechanically applied.

In Martin v. Com. of Virginia, 349 F. 2d 781 (4th Cir. 1965), the prematurity doctrine was found inapplicable where the existence of two future sentences made the prisoner ineligible for parole which, otherwise, might have been granted.

In Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967), further inroads were made on *McNally's* restrictive interpretation of § 2241's "in custody" requirement. In that case a state prisoner who was already eligible for parole on an uncontested sentence was permitted to challenge the validity of a sentence he had not yet begun to serve. Emphasizing that the likelihood of petitioner's being paroled was obviously more remote by virtue of other convictions and unserved sentences thereon, the court in *Williams* at p. 220 stated as follows:

It is, of course, true that the parole board may conclude that Williams should not be paroled, even if his 1956 convictions are set aside and he is not retried, but we must conclude that the number of convictions and aggregate sentences are factors which every parole board properly considers in regard to any prisoner seeking parole * * *. We conclude, therefore, as we did in Martin, that the presence of other convictions may be a real, effective basis of appellant's continuing detention in a penal institution instead of his being at large, relatively free, though under parole supervision * * *. Appellant is, we conclude, "in custody" within the meaning of 28 U.S.C.A. § 2241.

In the case now under consideration the prison records show that petitioner is currently eligible for parole. Thus petitioner's attack upon the Pittsylvania County conviction, insofar as petitioner has exhausted his presently available state remedies, is squarely controlled by Williams v. Peyton, supra. Accordingly, this court has jurisdiction to appraise the merits of petitioner's conviction of grand

larceny. Petitioner contends that the confession was inadmissible in the Pittsylvania County Circuit Court proceeding because it was made without a warning of his right to the assistance of counsel or his right to remain silent.

An examination of the trial court transcript at pages 5–7, reveals the following testimony by W. D. Thomas, Chief of Police, Chatham, Virginia:

Q. Tell us what you did, Mr. Thomas?

A. On the date of the 12th of April, Mr. McGregor, Mr. Inge and myself went to Camp 15 to talk to David Lamb in reference to this truck being taken.

\* \* \* \* \* \*

Q. Where did you go to talk to him?

A. We went to the camp and Lieutenant Rowles, (sic) we told him that we would like to talk to this man and he went in and got him and brought him back to the office then, office on the left as you go into the building.

\* \* \* \* \* \*

Q. There were four of you all? Three of you all, four of you and the defendant. Is that right?

A. Yes, sir.

Q. Did you have a warrant at that time, Mr. Thomas?

A. No, sir.

Q. You did not. All right, now, you tell us what happened from that point on, word for word, as close as you remember it.

A. I told Mr. Lamb who I was, identified myself and Mr. McGregor and Mr. Inge. I told him I would like to talk to him in reference to a truck being taken in Chatham.

\* \* \* \* \* \*

THE COURT: I want to know what you said to him and what he said.

A. I told him that I wanted to talk to him in reference to a truck being taken in Chatham and before I could finish anything else he said "I took this truck and parked it in Lynchburg"

and after that I advised him of his rights. I had not got that far.

Q. You had not gotten far enough to advise him of his rights before he made this statement?

A. No, sir.

On cross examination Chief Thomas testified as follows, page 10 of the transcript:

Q. Now, you are aware, I think, that the man is entitled to be advised of his rights before he makes any statement but you didn't advise him of that before you told him that you wanted to talk about the theft of the truck?

A. I had to tell him what I wanted to talk to him about before I could advise him of his rights.

Q. There were three officers there—

A. And the lieutenant of the camp.

Q. And the lieutenant of the camp and you all didn't have any guns. Did you have any blackjacks?

A. No, sir. We left them in the other room.

On re-examination of Chief Thomas the record at page 11 reveals this exchange:

Q. You hadn't had time to advise him of his rights?

A. No, sir. I told him as soon as I could.

Petitioner made no attempt at the trial, and he makes none in his present habeas corpus petition, to contradict the testimony of Chief Thomas. The trial court, upon due consideration of Escobedo v. State of Illinois, 378 U.S. 478, 84 S. Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), ruled that evidence of petitioner's confession was admissible. This court concurs in that ruling. This conclusion is reinforced by the following language from the *Miranda* opinion, 384 U.S. at page 478, 86 S.Ct. at page 1630:

Confessions remain a proper element in law enforcement. Any statement

given freely and voluntarily without any compelling influences is, of course, admissible in evidence. * * * Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today.

In *Miranda* the Supreme Court ruled upon the admissibility of statements obtained from defendants by questioning while in the custody of police officers and made without full and effective warning of the defendants' constitutional rights at the outset of the interrogation process. The Court briefly stated its holding as follows: "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444, 86 S.Ct. at 1612. The Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." id.

While petitioner was in custody within *Miranda's* definition of that term, it is the uncontradicted testimony of Chief Thomas that there had been no questioning of petitioner whatsoever when Lamb made his confession. Chief Thomas had merely advised petitioner of the purpose of his visit and was about to inform petitioner of his constitutional rights when petitioner interrupted him with the confession the admissibility of which is at issue.

An examination of the transcript leaves no doubt that petitioner's confession was entirely voluntary and spontaneous. It can in no way be regarded as "stemming from custodial *interrogation*." id. (emphasis supplied) Evidence of the confession was therefore admissible by the trial court.

For the reasons just stated the petitioner has failed to convince this court that he is entitled to relief because his confession was improperly admitted into evidence or that the representation afforded him by counsel was ineffective in the proceedings before the Circuit Court of Pittsylvania County. It is therefore

## ADJUDGED and ORDERED

that the petition for habeas corpus be dismissed and the writ denied.

With respect to petitioner's other allegations attacking the sentence imposed by the Circuit Court of Albemarle County, it is further

## ADJUDGED and ORDERED

that the petition as to this Albemarle County conviction be and hereby is dismissed without prejudice to the further prosecution thereof, upon a verified showing that petitioner has exhausted his state remedies.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.