**STATE of Iowa, Appellee,**

v.

**John Paul MASTERS, Jr., Appellant.**

**No. 53496.**

Supreme Court of Iowa.

Oct. 14, 1969.

John Paul Masters, Jr., of Fort Madison, pro se.

Richard C. Turner, Atty. Gen. of Iowa, William A. Claerhout, Asst. Atty. Gen., and Samuel O. Erhardt, County Atty., for appellee.

MOORE, Justice.

October 30, 1968, defendant, John Paul Masters, Jr., was charged by county attorney information in Wapello County with the crime of robbery with aggravation in violation of section 711.2, Code, 1966, to which he entered a plea of not guilty. On trial of the cause the jury returned a verdict of guilty of robbery, an included and lesser offense. On December 23, 1968 defendant was sentenced to the state penitentiary at Fort Madison for a term not to exceed 10 years as provided by Code section 711.3. From this judgment and sentence he has appealed. We affirm.

■ Several unusual problems here result from defendant's personal participation at various stages of the proceedings in the lower court and his knowingly refusing appointment and assistance of an attorney on this appeal. At arraignment defendant stated he did not want an attorney but the trial court appointed an experienced trial lawyer to render such assistance as defendant would accept. Prior to trial defendant personally prepared and filed several motions and applications. He did, however, permit appointed counsel to conduct the trial of the cause and makes no complaint against the manner of that representation. After the verdict defendant personally prepared and filed a long detailed motion for new trial. It was written in long hand and covered 12 pages.

The trial court carefully considered the many propositions asserted in the motion for new trial and cited case authorities supporting the holding they were without merit. After the motion for new trial was overruled and a presentence investigation made, defendant was sentenced.

Immediately, following pronouncement of sentence the trial court fully advised defendant of his right to appeal, the statutory requirements of a proper notice of appeal, his right as an indigent to appointment of counsel and a transcript of the evidence and printing of the record at county expense.

Mr. Patrick Life, defendant's appointed trial lawyer, announced he did not desire to be involved in an appeal which defendant had indicated he would present pro se. Defendant was again advised of his right to appointment of counsel on appeal. Thereafter defendant personally prepared and gave proper notice of appeal and has presented it pro se. The record, with our permission, is presented on the transcript of the evidence together with the clerk's transcript which has been filed in conformity with Code section 793.6. The record discloses defendant competently and understandingly has elected to present this appeal pro se.

I. 23 C.J.S. Criminal Law § 979(4), page 927, states:

"Where competent, an accused has the right to appear in person and conduct his own defense, but he does so at his peril and cannot thereafter complain that he was not properly represented."

After holding a state prisoner, under both state and federal court proceedings, may competently and intelligently waive counsel and represent himself the court in Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632, 641, states: "Inmates have the constitutional right to waive counsel and act as their own lawyers, but this does not mean that a non-lawyer must be given the opportunity to acquire a legal education. One question which an inmate must decide in determining if he should represent himself is whether in view of his own competency and general prison regulations he can do so adequately. He must make the decision in the light of the circumstances existing. The state has no duty to alter the circumstances to conform with his decision."

In Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, the Supreme Court in a post conviction proceeding where there was no provision for appointment of counsel endowed the "jailhouse lawyer" with the mantle of respectability but did not provide for immunity from following orderly rules of procedure. Here defendant voluntarily rejected appointment of counsel on this appeal and has in several respects failed to comply with our established rules.

II. Our long standing court rule 18 includes a provision the Rules of Civil Procedure regarding preparation and filing of briefs and arguments shall apply to appeals in criminal cases.

Rule 344, Rules of Civil Procedure, provides: "Form and Contents of Briefs.

"(a) Appellant's opening brief shall contain:

"(1) A statement of the case, not ordinarily to exceed one page, showing the nature of the action, what the issues were, and how they were decided, and what questions are presented by the appeal;

"(2) A statement of the facts, stating the principal facts in narrative form, with references to the pages and lines of the record to support each statement. But if such references are fully supplied in the argument, they may be omitted from this statement.

"(3) A statement of errors relied on for reversal when the appeal presents questions of law; or a statement of propositions relied on, when it is triable de novo. The errors or propositions shall be separately stated and numbered, in substantially the order they are presented in the division of the brief.

"(4) In separately numbered divisions:

"(First) A a statement of the 'error' or 'proposition' relied on and discussed in that division, with references to the pages and lines of the record, sufficient to show fully the manner in which the error arose and the ruling of the trial court thereon.

"(Second) Separately numbered or lettered brief points substantially conforming to the 'Statement of Errors' or 'Propositions' and stating without argument the grounds of complaint of the ruling and citing authorities supporting each point.

"(Third) The argument shall follow the statement of the brief points and authorities in each division, and be confined thereto. Errors or propositions not stated or argued shall be deemed waived.

"(b) If two or more errors relied on present closely related propositions of law or fact, the brief points and arguments may be presented in one division.

"(c) Argument of any error which relates to the sufficiency of the evidence to sustain a ruling on any point shall supply full references to the pages and lines of the record, unless such evidence if fully stated, with such references, in the statement of facts.

"(d) Appellee's brief and appellant's reply shall follow the above outline as nearly as may be, but without unnecessary repetition. * * * "

The only document prepared and filed by defendant on this appeal is his "Brief on Appeal". It makes general statements of complaints of what occurred before, during and after trial in the lower court. It contains no statement of the case, no reference to any page and line in the record regarding any of his complaints, no authorities are cited and no errors or propositions are argued. Defendant's "Brief on Appeal" fails to comply with almost every requirement of rule 344, R.C.P. We agree with the State's contention that an appellee's brief in proper form cannot be prepared due to defendant's failure to follow the requirements of rule 344, R.C.P.

III. Defendant's failure to argue any error or proposition compels the conclusion defendant's appeal cannot be resolved on the basis of the document filed by him.

Rule 344(a) (4) (Third, R.C.P., specifically provides: "Errors or propositions not stated or argued shall be deemed waived." We have consistently followed this rule in criminal case appeals. Assigned errors which are not argued are deemed waived. State v. Peterson, Iowa, 155 N.W.2d 412, 413; State v. Wood, 253 Iowa 281, 285, 111 N.W.2d 666, 668; State v. Sampson, 248 Iowa 458, 466, 79 N.W.2d 210, 215, and citations.

In State v. Fiedler, 260 Iowa 1198, 1202, 152 N.W.2d 236, 239, we say: "* * * in State v. Streit, 248 Iowa 260, 262, 80 N.W.2d 318, this court noted that where a defendant on appeal cites no authority in support of errors claimed, we are under no compulsion to entertain the assignment."

We must decline to consider this appeal on the basis of the document filed by defendant.

IV. We are, however, well aware of Code section 793.18 which provides: "Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

■ In interpreting this section we have consistently held the established rules of procedure are not merely technical. They are substantial. State v. Post, 255 Iowa 573, 579, 123 N.W.2d 11, 15; State v. Pullen, 252 Iowa 1324, 1327, 110 N.W.2d 328, 331; State v. Kramer, 252 Iowa 916, 918, 109 N.W.2d 18, 19, and citations.

■ We will not, however, let a finding of guilt stand if upon examination of the record under Code section 793.18 we are convinced it shows a fair trial was not had. State v. Ford, 259 Iowa 744, 752, 145 N.W. 2d 638, 642; State v. Mabbitt, 257 Iowa 1063, 1066, 135 N.W.2d 525, 528; State v. Post, supra; State v. Girdler, 251 Iowa 1214, 1217, 102 N.W.2d 872, 874.

■ A conviction notwithstanding an absence of proof of an essential element of a crime charged amounts to denial of a fair trial. State v. Hill, 258 Iowa 932, 935, 140 N.W.2d 731, 733; State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Mabbitt, supra; State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662.

■ V. With these rules in mind we have carefully examined the submitted transcript as well as the record certified to us by the district court clerk.

Rose Elizabeth Payne, owner and operator of Payne's Steak House in Ottumwa, Wapello County, Iowa, testified that about 9:45 p. m., October 21, 1968 three men entered her steak house, informed her it was a stickup, defendant and another man displayed guns, defendant opened the cash register, took the money therefrom and

then the three men hurriedly left. A customer also identified defendant and described his part in the holdup.

An attendant at a nearby gas station identified defendant as one of the men who visited his station in a black Ford convertible with Polk County license plates about the time of the robbery.

Later that evening defendant while driving a black Ford convertible with Polk County license plates was stopped at a roadblock near Albia, in the county immediately west of Ottumwa. Two men were in the car with defendant. When stopped, defendant was ordered out of the Ford and searched. He had in his possession a gun fitting the description given by those present at the scene of the robbery. Another gun was observed on the floorboard of the vehicle and seized by the arresting officers. Several officers testified at the trial.

An accomplice, who was riding in the Ford when it was stopped at the roadblock, testified for the State. He admitted participation in the Payne Steak House robbery and identified the two guns and defendant as a participant.

The record discloses substantial evidence of each element of the crime of which defendant was found guilty. We find defendant was afforded a fair trial.

The judgment of the trial court is—Affirmed.

All Justices concur.