STATE of Iowa, Appellee,

v.

Andrew H. BROWN, Appellant.

No. 54052.

Supreme Court of Iowa.

April 7, 1970.

------◆------

Merle L. Royce, Marshalltown, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and Max H. Buck, County Atty., for appellee.

MOORE, Chief Justice.

Defendant, Andrew H. Brown, has appealed from his conviction and sentence for the crime of carrying a concealed weapon, in violation of section 695.2, Code, 1966. We affirm.

At defendant's request this appeal is submitted on the reporter's trial transcript and that of the district court clerk under the provisions of Code section 793.18, which provides: "Decision of supreme court. If the appeal is taken by the defendant, the supreme court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it."

We are not asked to consider specific assignments of errors as no formal brief and argument has been filed in compliance with Rule 344, Rules of Civil Procedure. We have however been alerted to some of defendant's contentions referred to in his resistance to the State's motion to dismiss this appeal.

■ The duty placed on this court by section 793.18 is to decide criminal appeals according to the very justice of the case as shown by the record without regard for technical errors. State v. Ford, 259 Iowa 744, 752, 145 N.W.2d 638, 642; State v. Kelley, 253 Iowa 1314, 1318, 115 N.W.2d 184, 186, and citations.

■ We will not let a finding of guilt stand if upon examination under Code section 793.18 we are convinced it shows a fair trial was not had. State v. Masters, Iowa, 171 N.W.2d 255, 258; State v. Ford, supra; State v. Mabbitt, 257 Iowa 1063, 1066, 135 N.W.2d 525, 538, and citations.

■ A conviction notwithstanding an absence of proof of an essential element of a crime charged amounts to denial of a fair trial. State v. Hill, 258 Iowa 932, 935, 140 N.W.2d 731, 733; State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662.

I. With these rules in mind we have carefully examined both volumes of the submitted trial transcript as well as the record certified to us by the district court clerk.

About 1:30 a. m., May 19, 1969 defendant came to the apartment of Sharon R. Adams at 306 North Third Avenue in Marshalltown, Marshall County, Iowa and had his thermos bottle filled with coffee so he could go to work. Shortly after leaving he returned and asked that Craig Spencer be awakened as he needed help to get his car started. After some delay defendant became impatient and started shouting at Spencer. An argument ensued between Mrs. Adams and defendant because of the noise he was making. She feared her baby would be awakened. During this argument defendant pointed a small black pistol at Mrs. Adams and ordered her to sit down and shut up. Spencer then came from his bedroom and the two men left for the purpose of starting Brown's automobile. Spencer did not see the gun at that time. Mrs. Adams then telephoned the police and reported a man carrying a gun was in the alley back of her apartment.

Defendant and Brown went to Brown's car in the alley where after Spencer moved his car to the side of Brown's they began connecting jumper cables. Three police cars converged upon them. Brown reached into his back trouser pocket and pulled out a small black pistol and tried to hand it to Spencer. Spencer refused to take the gun. Brown then tossed it under some nearby bushes.

The officers immediately made a "pat search" of both men and found no weapon. They told the men they were being searched because of the report they had received. Neither made any response and resumed their efforts to get Brown's car started. One of the officers went to talk with Mrs. Adams. While waiting for the officer to return Officer Gunderson noticed defendant turn his attention from working on his car to look toward the nearby bushes.

Gunderson then walked over to the bushes and by use of his flashlight observed a small black automatic pistol lying there. The top of it was dry although the bushes were damp with dew. Gunderson picked it up, held it in his hand and said, "Look what I found". The remark was not directed to Brown or particularly to any person present. Brown however said, "That's not my gun". Gunderson said, "Well, it must be mine then." Officer Doane who had just returned from talking with Mrs. Adams then said to Brown, "Let's go down to the station and try to get this situation straightened out". Brown then said: "That's my gun. I want it back in the morning."

Mrs. Adams and Spencer each identified the gun found in the bushes by Gunderson (exhibit A) as that which defendant had at the times here involved.

Code section 695.2 provides no person shall carry a pistol or revolver concealed on or about his person without a permit therefor. The record is undisputed defendant did not have such a permit. Defendant's testimony includes a denial of having any gun in his possession on the night referred to by the other witnesses.

The record here discloses substantial proof of each element of the crime charged.

II. Defense counsel during trial objected to the admission of Brown's statements regarding the gun as being in violation of what is now commonly referred to as the Miranda rule. The trial court overruled the objection. As a matter of grace we consider propriety of that ruling.

The exclusionary rule of Miranda bars from evidence statements of a defendant made during in-custody interrogation unless he has been advised of his rights as enumerated in the opinion and has knowingly and intelligently waived such rights. The case, however, recognizes at least two exceptions. One is general on-the-scene questioning as to facts surrounding a crime, and the other, statements freely volunteered without compelling influences. 384 U.S. at pages 477, 478, 86 S.Ct. at page 1629, 16 L.Ed.2d at pages 725, 726.

In State v. Brown, Iowa, 155 N.W.2d 416, Brown and co-defendant Hudson were arrested by highway patrolmen soon after a store robbery. They were placed in the patrol car and on the way to the courthouse Hudson asked: "How did you all get onto us so quick?" Officer Peterson responded: "Look, I'm not asking you any questions. You don't ask me any." Hudson then said: "Well, I know all about that, but how did you all get onto us so quickly?"

We held this evidence admissible and at page 419, 155 N.W.2d, said: "Hudson's statements were clearly volunteered and do not come within the prohibitions in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694."

Many jurisdictions have recognized that volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by the holding in Miranda. They include Pitman v. United States, 9 Cir., 380 F.2d 368; People

v. Mercer, 257 Cal.App.2d 244, 64 Cal.Rptr. 861; Edington v. State, 243 Ark. 10, 418 S.W.2d 637; People v. Torres, 21 N.Y.2d 49, 286 N.Y.S.2d 264, 233 N.E.2d 282; State v. Gosser, 50 N.J. 438, 236 A.2d 377; Biglow v. State, Fla.App., 205 So.2d 547; In re Orr, 38 Ill.2d 417, 231 N.E.2d 424; Lamb v. Peyton, W.D. Virginia, 273 F. Supp. 242.

The often cited case of United States v. Cruz, W.D.Texas, 265 F.Supp. 15, is of special interest to the bench and bar of Iowa as it was written on special assignment by the late Henry Graven, Senior District Judge of Iowa. There officers broke down a defendant's door to arrest him for selling narcotics. In the ensuing search, marked money was discovered and, before he had been given the Miranda warnings, defendant blurted out that the money was his. The statement was held admissible. At page 20, 265 F.Supp., the court says: "If the arresting officer has not attempted or is not attempting to have the arrested person incriminate himself, there would seem to be no need of such warnings. Therefore, it seems clear that volunteered, spontaneous, and freely made utterances made by an arrested person would not come within the scope of the rule of Miranda v. State of Arizona, supra."

 The record before us clearly shows the utterances of defendant Brown were volunteered, spontaneous and freely made. The trial court did not err in admitting them as part of the evidence.

III. Defendant was sentenced to the men's penitentiary for a period not to exceed five years, the maximum fixed by Code section 695.3. It is our duty to carefully consider whether the punishment imposed is too severe. Code section 793.18.

Our study of the record, including the presentence information, reveals defendant had been convicted of several crimes including rather recent convictions for assault with intent to commit rape and assault with intent to commit great bodily injury.

We have consistently held that where the judgment imposed does not exceed the statutory maximum, we will interfere only when an abuse of the trial court's discretion in fixing punishment is shown. State v. Williams, Iowa, 171 N.W.2d 521, 530; State v. DeRaad, Iowa, 164 N.W.2d 108, 112; State v. Kulish, 260 Iowa 138, 145, 148 N.W.2d 428, 433; State v. Cupples, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280. We find no abuse of the trial court's discretion in fixing punishment in the case at bar.

Defendant was afforded a fair trial. The judgment of the trial court is

Affirmed.

All Justices concur, except BECKER, J., who concurs in the result.