# IN THE COURT OF APPEALS OF IOWA

No. 24-1276
Filed October 29, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESUS HERNANDEZ JR.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wright County, Christopher Foy, Judge.

A defendant appeals his conviction for attempted murder. **AFFIRMED.**

Christopher A. Kragnes Sr. of Kragnes & Associates, PC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**TABOR, Chief Judge.**

During a dispute over the house where he was living, Jesus Hernandez stabbed the property owner, Leo, in the neck. For that act, a jury convicted Hernandez of attempted murder. On appeal, Hernandez argues the district court should have suppressed his admission to law enforcement. Because Hernadez's statement to the officer was not a result of interrogation, the district court properly allowed it into evidence. Accordingly, we affirm the conviction.

## I. Facts and Prior Proceedings

Leo owned a small rental house in Galt, Iowa, where Hernandez was residing. But Leo planned to repair the house for his own family to move in. So Leo and his friend Chris set out to evict Hernandez from the property.

Upon their arrival, they encountered Hernandez and another man at the property. The foursome gathered around a firepit to share beers. During their discussion, Hernandez tried to give Leo a jacket as a gift. But Leo refused to wear the jacket because it was a very warm day in May. This rejection upset Hernandez so much that he threw the jacket in the firepit and lit it. The ensuing argument led Leo to command Hernandez to move out of the house. Hernandez retaliated by saying he was going to kill Chris and telling Leo that he would "show [them] death." While issuing those threats, Hernandez told Leo that they were sharing their last beer, took out a pocketknife, and cut him across the neck.

Chris called 911. When Deputy Ray Zeien arrived on scene, Chris identified Hernandez as the suspect. Deputy Zeien approached Hernandez with his weapon drawn and told him to show his hands. Deputy Zeien then placed him in handcuffs and asked him to sit on the ground. But when Hernandez said he had bad knees,

Deputy Zeien ushered him towards the police car so he could sit down. On the way to the police car, Hernandez admitted to Deputy Zeien that he stabbed Leo.

Before trial, Hernandez moved to suppress this statement, contending that it was inadmissible because Deputy Zeien did not read him a *Miranda* warning. The district court denied this motion, finding admission of the statement did not violate Hernandez's right against self-incrimination. Later at trial, the jury found Hernandez guilty of attempted murder. Hernandez appeals.

## II. Analysis

The Fifth Amendment of the federal Constitution protects a criminal defendant from compulsory self-incrimination. *See* U.S. Const. amend V; *State v. Gibbs*, 941 N.W.2d 888, 894 (Iowa 2020). "When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo." *State v. Park*, 985 N.W.2d 154, 168 (Iowa 2023) (quoting *State v. Hauge*, 973 N.W.2d 453, 458 (Iowa 2022)). "We examine the entire record to independently evaluate the totality of the circumstances based on each case's unique situation." *State v. Price-Williams*, 973 N.W.2d 556, 531 (Iowa 2022). We defer to the district court's fact findings, especially on witness credibility, but we are not bound by them. *Id*. "We consider both the evidence introduced at the suppression hearing as well as the evidence introduced at trial." *State v. Hunter*, 947 N.W.2d 657, 660 (Iowa Ct. App. 2020) (quoting *State v. Palmer*, 791 N.W.2d 840, 844 (Iowa 2010)).

As his sole argument on appeal, Hernandez contends the district court should have suppressed the inculpatory statement he made to Deputy Zeien while heading to the police car. Law enforcement officers are required to issue *Miranda*

warnings to individuals who are subject to custodial interrogation. *State v. Countryman*, 572 N.W.2d 553, 557 (Iowa 1997). Failing to do so warrants suppression of statements made during the custodial interrogation. *Id.* For the purposes of this analysis, interrogation means express questioning, as well as other words or actions that an officer should know are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

In addressing Hernandez's contention, we consider his encounter with Deputy Zeien on their walk to the police car. As depicted in body camera footage, Deputy Zeien held Hernandez's shoulder and arm while walking. Hernandez then turned to Deputy Zeien and said, "I won't run. Don't worry." Deputy Zeien responded, "Well I don't know what's going on, okay," to which Hernandez replied, "I stabbed the fucker." The deputy continued escorting Hernandez to the car.

Hernandez insists Deputy Zeien initiated this exchange to elicit an incriminating response. But the body camera footage shows Hernandez started the conversation leading to the admission. In this context, the deputy's statement explained why he was holding Hernandez.

Our courts have not found benign statements by officers to be interrogation, even when the officer initiated the contact. *See State v. Brown*, 176 N.W.2d 180, 182−83 (Iowa 1970) (finding no interrogation when an officer showed a gun discovered at the scene to Brown and said, "Let's go down to the station and try to get this situation straightened out"); *State v. Pendleton*, No. 21-1208, 2023 WL 152526, at *4 (Iowa Ct. App. Jan. 11, 2023) (finding no interrogation when an officer asked whether the defendant would speak to a detective); *see also Commonwealth v. Koumaris*, 799 N.E.2d 89, 93−94 (Mass. 2003) (deciding that

when a defendant initiated the conversation, the officer's statement "go ahead, tell me what you have to say" was a passive response rather than interrogation).

Here, Deputy Zeien's statement was a neutral response to explain why he was holding onto Hernandez; the deputy had no reason to know that his explanation would elicit such a damning admission from Hernandez. *See Brown*, 176 N.W.2d at 183. Hernandez's volunteered statement was not the product of interrogation.[1] Thus, his confession was admissible.

## III. Conclusion

We find no basis for suppressing the challenged statement. Thus, we affirm Hernadez's conviction.

**AFFIRMED.**

---

[1] Because we find no interrogation, we need not address the custody question. *State v. Pitman*, No. 12-1743, 2014 WL 251899, at *9 (Iowa Ct. App. Jan. 23, 2014).