STATE OF IOWA, appellee, v. JAMES HILL, appellant

No. 51864.

(Reported in 140 N.W.2d 731)

MARCH 8, 1966.

Charles F. Hinton, of Waterloo, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and D. Quinn Martin, County Attorney, for appellee.

LARSON, J.—Appellant James Hill appeals his conviction and sentence on a charge of carrying a concealed weapon, one knife, contrary to and in violation of section 695.2, Code of Iowa, 1962. He assigns six errors, but relies principally upon the contention that the State failed to prove the essential elements of the charged offense, i.e., that the knife found upon him was intended for use as a weapon. While we have considered this statute before in State v. Williams, 70 Iowa 52, 29 N.W. 801; State v. Williams, 184 Iowa 1070, 169 N.W. 371, it appears the question of intent he raises herein is new in this jurisdiction.

The relevant facts are not in dispute. Defendant was placed under arrest for driving an automobile while his operator's license was under suspension. The arresting officers searched him and found a pocketknife (State's Exhibit 1) in the right front pocket of his coveralls. At the police station a further search revealed a second similar knife (State's Exhibit 2), secured on a chain, worn around his neck underneath a "T" shirt. The blades of both knives would lock open and were three and five-eighths inches long. Officer Maurice J. Harn testified, over the objections of defendant, that Exhibit 1 "could be definitely a

dangerous weapon if ever directed at a person and locked in place, * * *." It was conceded defendant did not have a permit to carry a concealed weapon.

I. At the close of the State's evidence defendant moved for a directed verdict on the ground that the State had failed to prove essential elements of the offense. Although the motion was denied, and defendant did not renew it at the close of all evidence, we have said we will not let a finding of guilt stand where there is an absence of proof of any essential element of the crime charged. State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662. A conviction notwithstanding such absence of proof amounts to denial of a fair trial. State v. Poffenbarger, 247 Iowa 552, 554, 74 N.W.2d 585, 586, and citations. Thus, if it appears the State's evidence, viewed in a light most favorable to it, does not furnish substantial support for the verdict, but fails to prove an essential element of the crime charged, the case must be reversed.

II. Section 695.2, Code, 1962, provides: "It shall be unlawful for any person, except as hereinafter provided, to go armed with or carry a dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, pocket billy, sandbag, skull cracker, slug shot or *other offensive or dangerous weapon*, except hunting knives adapted and carried as such, concealed either on or about his person, except in his own dwelling house or place of business or other land possessed by him. * * *." (Emphasis supplied.)

It is obvious the knives carried by defendant could not be classified as any of the items specifically mentioned in the above section, and so the principal question presented on this appeal is whether they were "other offensive or dangerous weapons" within the meaning of section 695.2. The answer to that question requires an interpretation of those terms as used in the section. Of course, in such interpretation we should try to ascertain and give effect to the intention of the legislature. (Citations unnecessary.)

It is manifest there are many articles and instruments other than those specifically named in the section which might properly

come within the scope of an "offensive or dangerous weapon" if they were used or carried for use as weapons, i.e., pocketknives, razors, hammers, screwdrivers, ice picks, hatpins, chains, and many others, which are manufactured and generally used for peaceful and proper purposes. They would certainly fall within the category of offensive or dangerous weapons if used or carried for the purpose of assault. Whether such implements are offensive or dangerous weapons, within the meaning of those terms as used in section 695.2, would then depend upon the use which the carrier made or intended to make of them. People v. Vaines, 310 Mich. 500, 17 N.W.2d 729.

Of course, some weapons carry their dangerous character because so designed and they are, per se, deadly, such as hand grenades or bombs. Other instruments, as those above mentioned, are not dangerous weapons unless turned to offensive or defensive purposes. The test as to the latter is whether the instrument was used as a weapon, or whether it appears it was intended for such use. It has been said, and we agree, that the character of a dangerous weapon attaches by adoption when the instrument is applied or is carried for use against another in furtherance of an assault. See People v. Goolsby, 284 Mich. 375, 378, 279 N.W. 867, 868; People v. Gogak, 205 Mich. 260, 265, 171 N.W. 428, 430.

We conclude, in a prosecution under section 695.2, it becomes a question of fact for court or jury determination as to whether such articles found concealed upon a suspect were used or were carried for use as offensive weapons, and that the legislature intended, by the use of the words "offensive or dangerous weapon", any concealed article or instrument which the carrier used or carried for the purpose of using as a weapon for bodily assault. The Michigan Supreme Court considered a like problem in the above cases, and also concluded the legislature did not intend to include as a dangerous weapon the ordinary type of jackknife commonly carried by many people, unless there was evidence establishing that it was used or carried for the purpose of use as a weapon. Was there such evidence here? We think not.

The knives found upon defendant were not dangerous

weapons, per se, and this the trial court seems to recognize as the law in its instruction to the jury. Instruction No. 5 states in part: "The question of fact for your determination in this case is whether the knife in question is an offensive or dangerous weapon within the meaning of the statute. Some weapons, such as daggers, dirks, swords, and stilettos, carry their dangerous character because designed as such, while other instruments, such as State's Exhibit 1, are not dangerous or offensive weapons unless carried for use as a weapon for bodily assault or defense by the possessor." The court then left the question as to the intended use to the jury "from all the facts and circumstances" disclosed in the evidence. However, we are unable to find any substantial evidence of defendant's intended use of either knife as a weapon. In fact, all the evidence is to the contrary. Defendant's story of using Exhibit 1 to cut linoleum he had been installing in his home was corroborated, and his explanation of placing the knife in his pocket out of the reach of children when working was not disputed. He said he forgot to return it to his toolbox when he left the house. His testimony that the knife and dog tags which were found on a chain around his neck were given him by a friend, was plausible and not contradicted, although the length of time he said he had worn them was disputed by the police who had searched him before. We have read the record carefully, but find nothing except the officers' reluctance to search defendant without first placing upon him a restraining device, to sustain an element of intent to carry a weapon, which seems necessary to convict defendant of the charged violation of section 695.2.

 III. Appellant assigns as error the admission into evidence of the second pocketknife (State's Exhibit 2). He seems to contend that since the second knife might tend to prove an intent to use the first pocketknife as a weapon, it would be prejudicial and tend to show the commission of another crime. We find no error in the admission of this exhibit. The test as to admissibility of such evidence, we have often said, is whether it has a legitimate bearing upon any point in issue, and not whether it shows or tends to show the commission of another crime. State v. Williams, 245 Iowa 494, 505, 62 N.W.2d 742; State v. Meeks,

245 Iowa 1231, 1243, 65 N.W.2d 76; State v. Linzmeyer, 248 Iowa 31, 36, 79 N.W.2d 206, and citations; State v. Vance, 119 Iowa 685, 94 N.W. 204. Thus, this evidence might be considered with other evidence to establish motive, intent, absence of mistake, etc. Standing alone, it was insufficient to generate a jury question of an intent to use Exhibit 1 as a weapon, and, since that appears to be the case here, its admission, even if error, was harmless. Of course, intended illegal use cannot be inferred just because defendant had a bad reputation or former convictions for assault.

IV. No useful purpose would be served by a lengthy discussion of the other errors assigned. Appellant complains of the admission of opinion testimony given by the two arresting officers. To the question of whether in their opinion Exhibit 1 was a dangerous or offensive weapon, each testified in substance that the knife could definitely be a dangerous weapon if ever directed at a person. That is merely a statement of the law and could not prejudice or aid the jury in resolving the question of whether defendant did use the knife or intend to use it as a weapon. The answer did not purport to determine the character of the knife concealed on defendant's person, and its admission, although perhaps immaterial, was not prejudicial error.

V. Finally, appellant complains because the trial court refused to make certain requested additions to Instructions No. 5 and No. 7. We find, in substance, the request had been satisfied in the instructions given. Thus there is no merit in this assignment.

Having found defendant's conviction was had notwithstanding the absence of proof of intent to use the knife concealed on his person as an offensive or dangerous weapon, we are forced to hold defendant did not have a fair trial, and must reverse.

Reversed with directions to sustain motion to dismiss.

All JUSTICES concur.