STATE OF IOWA, appellee, v. CARL A. OLSON, appellant.

No. 52173.

(Reported in 149 N.W.2d 132)

March 7, 1967.

R. M. Fassler, of Cedar Rapids, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and Jack M. Fulton, of Cedar Rapids, County Attorney, for appellee.

Moore, J.—Defendant, Carl A. Olson, was indicted by the Linn County grand jury for the crime of lascivious acts with a child in violation of Code section 725.2, to which he entered a plea of not guilty. He gave notice and asserted an alibi. On trial the jury found him guilty as charged. January 7, 1966, he was sentenced to imprisonment in the State Penitentiary at Fort Madison for a period not to exceed three years. From this judgment and sentence defendant appeals.

Appellant contends the trial court erred in (1) overruling his objections to the testimony of Lieutenant Kraus as to appellant's age and (2) overruling his motion for new trial. He also argues other matters which are raised for the first time in this court.

Section 725.2, Code 1962, 1966, provides: "Lascivious acts with children. Any person over eighteen years of age who shall willfully commit any lewd, immoral, or lascivious act in the presence, or upon or with the body or any part or member thereof, of a child of the age of sixteen years, or under, with the intent of arousing, appealing to, or gratifying the lusts or passions or sexual desires of such person, or of such child, or

of corrupting the morals of such child, shall be punished by imprisonment in the penitentiary not more than three years, or by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars."

The alleged victim, age 8, testified she lived next door to appellant in Cedar Rapids, on Saturday May 22, 1965, at about 2 p.m. he enticed her into his garage, restrained her behind the garage door, pulled down his pants, then her panties and with his fingers made an immoral assault on her. For obvious reasons we do not undertake to make a detailed statement of what happened there. She resisted and finally broke away and went home. She related the events when her mother returned home late that afternoon. Her mother observed no physical injury but immediately contacted the police.

The next day appellant was taken into custody and after being advised he need not make any statement as he had no attorney he was asked about the child's statements. He denied any such conduct and was released and taken back to his home. He made no claim at that time he had been watching the Shrine parade.

A few days later appellant was arrested on a warrant charging him with lascivious acts with a child. He was booked at the Cedar Rapids police station by Lieutenant Bernhardt Kraus. This is the pertinent testimony of Lieutenant Kraus:

"Q. And on that occasion did you have occasion to talk to Mr. Olson? A. Yes, sir.

"Q. What was the type of questions that you asked him?

"Mr. Fassler: That is objected to, Your Honor, as being incompetent, irrelevant and immaterial, does not tend to prove any issues.

"The Court: Overruled.

"A. I booked the subject in on the warrant we had.

"Q. Did you find out on that date his name? A. Yes, sir.

"Q. His address? A. Yes, sir.

"Q. Did you ask him how old he was? A. Yes, sir.

"Q. Did he tell you?

"Mr. Fassler: Your Honor, that is objected to as being not the best evidence of his age.

"The Court: Overruled.

"Q. How old did he say that he was? A. Forty-five.

"Q. Did he say when his birthday was? A. Yes, sir.

"Q. What was that? A. June 4, 1920."

I. As we understand appellant's first assigned error he contends his extrajudicial declarations as to his own age were not competent evidence thereof. We do not agree.

The general rule, from which there seems to be little dissent, recognizes the competency of a witness to give evidence as to his own age. 20 Am. Jur., Evidence, section 472; 31A C. J. S., Evidence, section 227b.

In 22A C. J. S., Criminal Law, section 722, pages 1006, 1007, states: "In a criminal case, age is provable by some types of evidence which is hearsay in nature. Thus a witness may testify as to his own age, although his information on that point is necessarily derived in part at least from the statements of others, and a person's extrajudicial declarations as to his own age have been held competent evidence thereof."

We adopt that rule in State v. Ragona, 232 Iowa 700, 5 N.W.2d 907, where defendant was charged with lascivious acts with a child. Ragona contended the trial court erred in over-ruling his objection to the competency of the county attorney's secretary to testify to defendant's age.

At pages 701, 702 of 232 Iowa, page 909, 5 N.W.2d, we say: "Her testimony was that on June 24, 1941, she heard defendant say that he was 31 years old; also that she has known defendant for 13 or 14 years and that he was more than five years old when she first knew him. We hold that the testimony was compctent to prove that defendant was over 18 years old."

As pointed out infra the record here discloses other evidence defendant was over 18 years of age.

In State v. Sharpshair, 215 Iowa 399, 245 N.W. 350, defendant was charged with operating a motor vehicle while intoxicated. He was not observed until after he alighted from his automobile which was in a ditch. His statement to a police officer amounted to an admission he was the driver. At page 401, 215 Iowa, page 351, 245 N.W., we state: "It was proper

and sufficient to establish the identity of appellant as the driver of the car by his admissions made out of court, exactly as it is proper and sufficient to establish the identity of any defendant as the perpetrator of a proved act by such admissions."

II. Appellant testified he had been employed by a janitor service company for five years and was the sole support of his mother, age 74, and his sister, Marie, age 47.

Appellant and his sister testified they left their home about 1:30 or 2 p.m., May 22, 1965, and walked downtown to watch the Shrine parade which was scheduled to start at two o'clock but was about a half hour late. While waiting for the parade they visited with a friend of many years, Miss Ethel Davis.

Miss Davis testified she saw and visited with appellant and Marie in downtown Cedar Rapids at about 2 p.m. where they were waiting to see the parade.

After watching the parade appellant and his sister bought some groceries and arrived back home at approximately 4 p.m.

Appellant testified he then went to Liz's Tap to get a package of cigarettes and spent that night at several different taverns drinking beer.

After the verdict appellant filed a motion for new trial on the ground he had discovered an additional and more reliable alibi witness. He attached to said motion the affidavit of Sherman Madlock.

This affidavit and Madlock's testimony taken on hearing of the motion for new trial show Madlock had known appellant for more than 25 years, he saw appellant and Marie near a grocery store in downtown Cedar Rapids about 3:15 p.m. May 22, he had no conversation with them at that time, he had worked from 7 a.m. until 3 p.m., after work he drove to a parking lot and soon thereafter saw appellant and his sister. He was not aware appellant was charged with committing a criminal offense on that date until after the trial. Appellant testified he was not aware he had been seen by Madlock until so informed by him.

Appellant concedes the trial court is vested with a good

deal of discretion in ruling on a motion for new trial. He asserts the trial court abused that discretion.

The trial court is in a better position than we to determine whether the newly discovered evidence would probably lead to a different verdict upon a retrial. We will not interfere with his ruling unless it is reasonably clear such discretion was abused. State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438, 440; State v. Addison, 250 Iowa 712, 719, 95 N.W.2d 744, 748; State v. Brightman, 252 Iowa 1278, 1288, 110 N.W.2d 315, 320. See also 39 Am. Jur., New Trial, section 13.

The newly discovered evidence relates to events at least one hour after the alleged offense. We hold abuse of discretion by the trial court in overruling appellant's motion for new trial was not shown.

III. Appellant argues corpus delicti cannot be established by an extrajudicial verbal confession or admission alone and that appellant's age cannot be proved by his confession alone.

We have carefully searched the record and find this proposition is raised for the first time in this court. No such contention was made in the trial court.

We have repeatedly said under such circumstances no appealable question is presented to this court. State v. Mart, 237 Iowa 181, 187, 20 N.W.2d 63, 66; State v. Hess, 256 Iowa 794, 797, 129 N.W.2d 81, 82, 83; State v. Myers, 257 Iowa 857, 860, 135 N.W.2d 73, 75; State v. Mabbitt, 257 Iowa 1063, 1066, 135 N.W.2d 525, 527.

The trial court and the State are entitled to know defendant's claims, his objections and in what respects he contends he is not receiving a fair trial. State v. Kramer, 252 Iowa 916, 919, 109 N.W.2d 18, 19; State v. Post, 255 Iowa 573, 580, 123 N.W.2d 11, 15; State v. Mabbitt, supra. We should not be asked to consider a different lawsuit from that submitted to the trial court.

We will not, however, let a finding of guilt stand if upon examination of the record under Code section 793.18 we are convinced it shows a fair trial was not had. State v. Martin, 243 Iowa 1323, 1327, 55 N.W.2d 258, 260, 34 A. L. R.2d 904;

State v. Cusick, 248 Iowa 1168, 1170, 84 N.W.2d 554, 555; State v. Post and State v. Mabbitt, both supra.

■ A conviction notwithstanding absence of an essential element of the crime charged amounts to denial of a fair trial. State v. Myers, 253 Iowa 271, 274, 111 N.W.2d 660, 662; State v. Stodola, 257 Iowa 863, 865, 134 N.W.2d 920, 921; State v. Mabbitt, supra. By Code section 725.2, under which appellant was charged, proof that he was over 18 years of age was required. We therefore consider his contention there was no such proof.

Appellant calls to our attention Code section 782.7, which provides: "Confession of defendant. The confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed."

Appellant argues his statements to Lieutenant Kraus regarding his age amounted to a confession which was not accompanied with other proof. We do not agree. He fails to distinguish between confessions and admissions. There is also other evidence of his age in the record.

■ A confession is an acknowledgment in express terms, by a party in a criminal case, of his guilt of the crime charged. An admission is a statement by the accused, direct or implied, of facts pertinent to the issue, and tending, in connection with proof of other facts, to prove his guilt. An admission is something less than a confession and but an acknowledgment of some fact or circumstance which in itself is insufficient to authorize a conviction, and which tends only to establish the ultimate fact of guilt. State v. Novak, 109 Iowa 717, 727, 79 N.W. 465, 469; State v. Abrams, 131 Iowa 479, 484, 108 N.W. 1041, 1043; State v. Davis, 212 Iowa 131, 134, 235 N.W. 759, 761; State v. Norton, 227 Iowa 13, 15, 286 N.W. 476, 478; State v. Gallagher, 236 Iowa 123, 127, 16 N.W.2d 604, 606; State v. Hofer, 238 Iowa 820, 831, 28 N.W.2d 475, 481. See also 2 Wharton's Criminal Evidence, Twelfth Ed., section 337; 2 Underhill's Criminal Evidence, Fifth Ed., section 381.

State v. Cook, 188 Iowa 655, 660, 661, 176 N.W. 674, 676, 677, states: "A confession is an admission or acknowledgment

of guilt of the very offense charged. It may be made by the statement of the accused when confronted with the charge, or when speaking of the alleged crime, saying, in substance or effect, 'I am guilty', or 'I acknowledge the truth of the charge'; or, as some authorities hold, by his admission of the essential facts constituting such crime. But an admission of the truth of facts not, in themselves, sufficient to constitute the alleged offense is not a confession of guilt, although it may be admissible as evidence in support of the charge."

█ Appellant's statements to Lieutenant Kraus did not amount to a confession. They were admissions and were properly taken as evidence under the record made here, in support of the charge against appellant. His testimony also contains evidence he was over 18 years of age.

Appellant's testimony he had worked for five years is evidence he was over 18 years of age. Code section 92.1 prohibits employment of a child under 14 years of age in the type of work described by him. For appellant to purchase beer at taverns, as he testified, he was required to be at least 21 years of age. Code sections 124.20, 599.1.

█ Under the record the necessary element of proof that appellant was over 18 years of age is sufficiently shown to defeat any claim he did not have a fair trial in this respect. We find no merit in appellant's contention the evidence was insufficient to prove corpus delicti.

█ IV. Appellant in his brief asks us to pass on the credibility of the female child. He asks us to hold her testimony was incredible. We are not permitted to do so. It is not the province of this court to usurp the jury's function in determining credibility of witnesses. State v. Alderman, 187 Iowa 244, 247, 248, 174 N.W. 30, 32; State v. Carlson, 224 Iowa 1262, 1267, 276 N.W. 770, 773; State v. Ragona, 232 Iowa 700, 704, 5 N.W.2d 907, 913.

We are not convinced appellant did not have a fair trial or that the judgment and sentence should be set aside.— Affirmed.

All JUSTICES concur.