**STATE of Iowa, Appellee,**

v.

**Darrell WATTS, Appellant.**

**No. 56372.**

Supreme Court of Iowa.

Nov. 13, 1974.

William R. Tysseling, Ames, for appel-lant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Stanley Simpson, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and McCORMICK, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of carrying a concealed weapon in violation of § 695.2, The Code, 1971. He was tried, convicted, sentenced, and now appeals. We reverse and remand for new trial.

On December 5, 1972 a snow removal crew reported to the Boone police department they had observed a man lying in a downtown street. The police officers investigated and found defendant lying face down on a snow-covered sidewalk. Defendant's head was cut, and he was obviously intoxicated. He was placed under arrest and taken to the Boone County hospital emergency room for treatment. The nurse on duty asked defendant to remove his coat, which he refused to do, and he was then

told by the arresting officers to remove his coat, and he again refused. The police officers attempted to remove defendant's coat and had partially succeeded when they noticed a kitchen knife with a blade approximately 10½ inches in length sticking in defendant's trousers pocket through a belt loop. The police removed the knife from defendant, and later at trial the officers testified defendant told them at that time he needed to carry the knife because he had spent 18 years in prison and that people were after him.

Defendant assigns two claimed errors on which he relies for reversal:

(1) Trial court erred in submitting Instruction No. 7 to the jury, which instruction purported to detail the elements of the crime with which the defendant was charged, but which defendant contends did not include a necessary condition, viz., that defendant consciously or intentionally carried the weapon with the knowledge of its real character as a weapon; and

(2) Trial court erred in failing to submit an instruction to the jury giving effect to evidence tending to prove the defendant was unable to form necessary intent due to his intoxication.

I. The State contends defendant failed to preserve the alleged errors because his objections to the instructions were to instructions the court submitted in tentative rather than final form.

The record establishes the instructions were presented to counsel but once, and that when so presented they were identified as "proposed instructions". The proposed instructions made available to counsel were the identical instructions submitted to the jury.

Rule 196, Rules of Civil Procedure, prior to its being amended effective July 1, 1973, provided in pertinent part:

"Before reading them to the jury, the court shall submit to counsel its instructions in their final form, noting this fact of record, and granting reasonable time for counsel to make objections after argument to the jury and before the instructions are read to the jury."

Rule 196 is made applicable to criminal cases by § 780.35, The Code.

■ The instructions labeled, "Proposed Instructions" were in truth and in fact the final instructions which were submitted to the jury. Exceptions were properly taken and the issue was properly preserved for consideration here. See State v. Horstman, 222 N.W.2d 427 (Iowa 1974).

II. Instruction No. 7 is apparently a marshalling instruction. It read:

"Before the Defendant can be found guilty of the offense charged in the Information, the State must establish by the evidence beyond a reasonable doubt each and all of the following propositions:

"1. That on or about the 5th day of December, 1972, in Boone County, the Defendant carried a knife.

"2. That the Defendant carried the knife concealed on or about his person.

"3. That the Defendant was then in a place other than his dwelling house, his place of business or on land possessed by him.

"If the State has established each of the foregoing propositions beyond a reasonable doubt, it will be your duty to find the Defendant guilty.

"If the State has failed to so establish one or more of the foregoing propositions, then you will find the Defendant not guilty."

The foregoing instruction is virtually a verbatim recitation of Uniform Jury Instruction No. 530.8. The defendant contends the instruction should have made reference to the State's burden of proving defendant intentionally or consciously carried the knife with knowledge of its character as a weapon; that intent is an essential element of the crime of carrying a concealed weapon when the weapon is not of a type specifically enumerated in § 695.2,

The Code, 1971; and that the failure to incorporate such intent in the marshalling instruction is *ipso facto* reversible error.

We note Instruction No. 4 informed the jury in pertinent part:

"* * * Some weapons are dangerous because they are specifically so designed and are, per se, deadly, such as firearms, hand grenades or bombs. Other instruments, though designed for peaceful and proper purposes, may be within the category of 'dangerous weapons' if they are used or intended to be used for the purpose of bodily assault or defense, and whether or not such implements are offensive or dangerous weapons, within the meaning of the statute, depends upon the use which the carrier made or intended to make of them.

"It is for you to determine from all of the facts and circumstances disclosed by the evidence whether or not the knife in question in the case was an offensive or dangerous weapon by reason of the Defendant carrying it for use as a weapon for bodily assault or defense. The State must establish beyond a reasonable doubt that the knife in question was in fact an offensive or dangerous weapon as herein defined."

Obviously, the question as to whether defendant carried the knife as a weapon was properly before the jury under Instruction No. 4.

It was, however, incumbent upon the trial court in instructing the jury to incorporate in the marshalling instruction (Instruction No. 7) all of the elements of the offense which it was incumbent upon the State to prove. In State v. Straw, 185 N.W.2d 812, 816 (Iowa 1971), we said:

"Where an instruction marshals the essential element of a crime and authorizes conviction if the elements listed have been proved beyond a reasonable doubt, all of the essential elements must be included in the marshalling instruction. *Omission of an element even if included*

*in another instruction is fatal.*" (Emphasis added).

Section 695.2, The Code, 1971, provided:

"It shall be unlawful for any person, except as hereinafter provided, to go armed with or carry a dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, pocket billy, sandbag, skull cracker, slug shot or other offensive or dangerous weapon, except hunting knives adapted and carried as such, concealed either on or about his person, except in his own dwelling house or place of business or other land possessed by him. No person shall carry a pistol or revolver concealed on or about his person or whether concealed or otherwise in any vehicle operated by him, except in his dwelling house or place of business or on other land possessed by him, without a permit therefor as herein provided.

"However, it shall be lawful to carry one or more unloaded pistols or revolvers for the purpose of or in connection with lawful target practice, lawful hunting, lawful sale or attempted sale, lawful exhibit or showing, or other lawful use, if such unloaded weapon or weapons are carried either (1) in the trunk compartment of a vehicle or (2) in a closed container which is too large to be effectively concealed on the person or within the clothing of an individual, and such container may be carried in a vehicle or in any other manner; and no permit shall be required therefor."

The carrying of a knife of the type carried by defendant in this case is not proscribed by the foregoing statute except where it is shown that the instrument carried is an "offensive or dangerous weapon". In State v. Hill, 258 Iowa 932, 935–936, 140 N.W.2d 731, 733–734, we discussed the various implications of the legislature's use of the term "other offensive or dangerous weapons" in § 695.2, The Code:

"It is manifest there are many articles and instruments other than those specifically named in the section which might

properly come within the scope of an 'offensive or dangerous weapon' if they were used or carried for use as weapons, i. e., pocket knives, razors, hammers, screwdrivers, ice picks, hatpins, chains, and many others, which are manufactured and generally used for peaceful and proper purposes. They would certainly fall within the category of offensive or dangerous weapons if used or carried for the purpose of assault. Whether or not such implements are offensive or dangerous weapons, within the meaning of those terms as used in section 695.2, would then depend upon the use which the carrier made or intended to make of them. People v. Vaines, 310 Mich. 500, 17 N.W.2d 729.

"Of course, some weapons carry their dangerous character because so designed and they are, per se, deadly, such as hand grenades or bombs. Other instruments, as those above mentioned, are not dangerous weapons unless turned to offensive or defensive purposes. The test as to the latter is whether the instrument was used as a weapon, or whether it appears it was intended for such use. It has been said, and we agree, that the character of a dangerous weapon attaches by adoption when the instrument is applied or is carried for use against another in furtherance of an assault. See People v. Goolsby, 284 Mich. 375, 378, 279 N.W. 867, 868; People v. Gogak, 205 Mich. 260, 265, 171 N.W. 428, 430.

"We conclude, in a prosecution under section 695.2, it becomes a question of fact for court or jury determination as to whether such articles found concealed upon a suspect were used or were carried for use as offensive weapons, and that the legislature intended, by the use of the words 'offensive or dangerous weapons', any concealed article or instrument which the carrier used or carried for the purpose of using as a weapon for bodily assault."

■ It is apparent from *Hill*, a jury question arises in all cases where a defendant is accused of carrying an article as a concealed weapon, and such article is neither enumerated in the statute nor considered to be deadly *per se*. The question as to whether defendant carried a knife as a weapon was properly referred to in Instruction No. 4, but was entirely eliminated from the marshalling instruction [Instruction No. 7]. See also State v. Wilson, 234 Iowa 60, 89–90, 11 N.W.2d 737, 751.

■ The State contends proof an article was carried as a weapon is unnecessary to support conviction under § 695.2, The Code, and makes reference in support of this contention to State v. Baych, 169 N.W.2d 578, 585 (Iowa 1969), where we said:

"Specific intent is not made an essential element of the crime of carrying a concealed weapon. The crime charged is one of general intent, and such intent is presumed from the doing of the prohibited acts, without more."

See also, State v. Davidson, 217 N.W.2d 630, 632 (Iowa 1974).

Our pronouncements in *Baych* and *Davidson, supra,* are inapplicable here because of different factual situations. The defendant here was alleged to have carried a concealed knife as a weapon; in *Baych* and *Davidson*, the defendants were charged with carrying concealed handguns, and the statute absolves the State of the necessity of proving such instruments (handguns) were carried as offensive or dangerous weapons.

■ The noninclusion in the marshalling instruction of the State's burden to prove the knife in question was carried by the defendant as a weapon constitutes reversible error.

III. In his second assignment defendant asserts trial court erred in refusing to instruct the jury on the question of voluntary intoxication because specific intent to commit the crime charged is an element thereof.

The statute defendant is charged with having violated does not directly prohibit the carrying of a concealed knife unless it can be characterized as an "offensive or dangerous weapon". Therefore, there is no statutorily prohibited act from which general intent to commit the crime may be presumed.

Conviction would be warranted if the facts established the defendant carried the concealed knife and that it was his intent then and there to use it as a weapon, either for the purposes of assault or defense. The subjective reasons for the concealment of the knife on defendant's person, or for its intended use, are of course questions for the jury; but subjective intent to carry the knife as a weapon would have to arise inferentially from the objective facts such as the time and place the defendant was found in possession of the instrument, the manner in which it was concealed on his person, or other facts which would indicate the defendant intended to use the instrument as a weapon of defense or assault. See People v. Jones, 37 Mich.App. 91, 93, 194 N.W.2d 433, 435.

We must conclude intent was an essential element of the crime with which defendant was charged in this case. It would appear therefore the issue as to whether defendant's intoxication rendered him incapable of forming the necessary intent .to commit the crime of carrying a concealed weapon should have been submitted to the jury. "(I)ntoxication alone does not necessarily amount to an excuse for the commission of a crime or misdemeanor, but becomes so only when the mental incapacity produced thereby is such as to make the victim incapable of forming a criminal intent." State v. Patton, 206 Iowa 1347, 1348, 221 N.W. 952; State v. Linzmeyer, 248 Iowa 31, 35, 79 N.W.2d 206, 208.

The trial court erred in failing to instruct the jury on the issue of defendant's intoxication rendering him incapable of forming an intent to commit the crime charged. For that error and the court's failure to include in its marshalling instruction the State's burden to prove the knife in question was carried by defendant as a weapon, this case must be reversed and remanded for new trial.

Reversed and remanded.