STATE of Iowa, Appellee,

v.

Thomas Gale Corben SMITH, Appellant.

No. 57535.

Supreme Court of Iowa.

April 16, 1975.

Johnson, Phelan & Tucker, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Barry Anderson, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for breaking and entering in violation of Code § 708.8. He contends the case should be reversed because of prosecutor misconduct and because of the trial court's failure to instruct the jury to disregard evidence received through the alleged prosecutor misconduct. He made no record in the trial court to support these contentions. We affirm.

Defendant testified in his own behalf. The prosecutor asked him twice on cross-examination if he had ever been convicted of a felony. Each time he responded, "Not to my knowledge." After the second answer, the prosecutor asked, "Didn't you serve some time—a year in Nebraska—for something?" Defendant said, "That was car theft. They brought it down to an indictable misdemeanor and let me do my time in either the county jail or the penitentiary."

The State offered no record of a prior felony conviction. · Defense counsel did not at any time raise any issue about the prosecutor's conduct by objection or motion in the trial court. Nor did he request an instruction or except to the trial court's failure to admonish the jury regarding the evidence of defendant's prior conviction of an indictable misdemeanor.

■ In these circumstances defendant's assignments of error present nothing for review. Issues not raised in the trial court ordinarily cannot be effectively asserted on appeal. State v. Wisher, 217 N.W.2d 618, 620 (Iowa 1974), and citations. This rule applies when alleged prosecutor misconduct is not attacked by timely objection or motion. State v. Dewey, 220 N.W.2d 629, 631 (Iowa 1974); State v. Hess, 256 Iowa 794, 797, 129 N.W.2d 81, 83 (Iowa 1964). It also applies when a defendant fails to preserve asserted error regarding the court's instructions. State v. Lyles, 225 N.W.2d 124, 126–127 (Iowa 1975).

Defendant argues the effect of the alleged prosecutor misconduct would have been aggravated if he made an objection or motion in the presence of the jury. This argument does not explain or excuse the absence of a request for opportunity to make a timely objection or motion out of the presence of the jury.

■ Defendant also suggests the court should have instructed the jury to disregard the evidence or granted a mistrial sua sponte. We do not agree. Our adversary system imposes the burden upon counsel to make a proper record to preserve error in the situations involved in this case. State v. Lyon, 223 N.W.2d 193 (Iowa 1974) (necessity of record regarding limiting instructions); State v. Dewey, supra (necessity of record regarding prosecutor misconduct); see State v. Myers, 215 N.W.2d 262, 264 (Iowa 1974).

■ Our statutory duty to review the record in a criminal case without regard to technical errors or defects does not confer upon us either the duty or authority to treat the unexcused failure to make an otherwise mandatory record regarding the admissibility of evidence or the court's instructions as a mere technical error or defect. § 793.18, The Code; State v. Wisher, supra; State v. Galvan, 181 N.W.2d 147, 149 (Iowa 1970); State v. Kramer, 252 Iowa 916, 109 N.W.2d 18 (1961); see D. Rendleman, The Scope of Review in Criminal Appeals and the Iowa Judgment on the Record Statute, 22 Drake L.Rev. 477 (1973).

Defendant had a fair trial. No substantial right was denied him. His failure to make a proper record regarding his present complaints must be ascribed to waiver rather than injustice. Cf. State v. Lunsford, 204 N.W.2d 613, 618–619 (Iowa 1973); State v. Kramer, supra.

We do not intimate what the holding would be if the trial court had overruled timely objections or motions raising the issues now urged. See, generally, State v. Van Winkle, 106 Ariz. 481, 478 P.2d 105 (1970); State v. Stago, 82 Ariz. 285, 312 P.2d 160 (1957); State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966); A.B.A. Standards,

The Prosecution Function, § 5.7(d) (1971); § 622.17, The Code.

No reversible error appears.

Affirmed.