**STATE of Iowa, Appellee,**

v.

**Alvin JUERGENS, Appellant.**

**No. 58572.**

Supreme Court of Iowa.

April 14, 1976.

Hutcheson & Liles, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen., Des Moines, and Joel J. Kamp, Asst. County Atty., Fort Madison, for appellee.

Heard by MOORE, C. J., and MASON, REES, UHLENHOPP and REYNOLDSON, JJ.

REES, Justice.

Defendant, an inmate of the State Penitentiary at Fort Madison, was charged by county attorney's information with the crime of carrying a concealed weapon, contrary to § 695.2, The Code, 1975. Following his plea of not guilty, he was tried to a jury, convicted and sentenced. He now appeals. We reverse and remand for a new trial.

On April 24, 1975, the defendant was taken by two custodial officers of the penitentiary from the general population area of the institution to cellhouse 20, a maximum security area. Pursuant to what was characterized by State's witnesses as a "strip shake" search, officers took off defendant's handcuffs and ordered defendant to remove all his clothing. As defendant was in the process of removing his clothing, he reached behind himself and pulled a knife with a seven-inch blade from the waistband of his trousers and handed it to one of the custodial officers. At trial, one of the officers was asked on cross-examination whether the defendant could, at the time he handed the knife to one of the officers [Officer Duncan], have assaulted Mr. Duncan with the knife. Objection was made that the question was irrelevant and immaterial to any issue in the case. The objection was sustained. Defendant assigns said ruling as error. Defendant also contends the court erred in giving two instructions to the jury and further erred in overruling defendant's motion for a mistrial

when the defendant was produced in the courtroom by the prison authorities in clothing which defendant now contends was "prison garb". Finally, defendant in a separate stated issue, contends he did not have a fair trial.

█ I. In his first issue stated for review defendant contends trial court erred in sustaining State's objection to a question propounded to Custodial Officer Meirotte on cross-examination. The record reflects the following:

"Q. And at that time the defendant could have easily reached in his pocket and flashed the knife and assaulted Mr. Duncan, is that right?

"MR. KAMP [Assistant County Attorney]: Objection, Your Honor, irrelevant and immaterial to any issue before the Court.

"THE COURT: Sustained.

"A. This is a good possibility.

"Q. Well—

"MR. KAMP: Your Honor, I will move to have the answer stricken.

"THE COURT: The answer will go out of the record. The jury is admonished to disregard it."

Clearly, there was no error in the court's ruling on the objection to the question set out above. The question required the witness to engage in conjecture and surmise. The opinion of the witness was obviously sought as an answer to the question posed. Counsel for the State did not interpose the proper objection. We perceive no merit in this issue stated for review.

█ II. In his second proposition defendant contends trial court erred in giving Instruction No. 7 of its final instructions to the jury. Instruction No. 7 corresponded verbatim with Uniform Jury Instruction No. 530.2, and reads as follows:

"The statute prohibits carrying certain named weapons concealed on the person and also any 'other offensive or dangerous weapon.' Some weapons are dangerous because they are specifically so designed and are, per se, deadly, such as firearms, hand grenades or bombs. Other instruments, though designed for peaceful and proper purposes, may be within the category of 'dangerous weapons' if they are used or intended to be used for the purpose of bodily assault or defense, and whether such implements are offensive or dangerous weapons, within the meaning of the statute, depends upon the use which the carrier made or intended to make of them.

"It is for you to determine from all the facts and circumstances disclosed by the evidence whether the knife in question in the case was an offensive or dangerous weapon by reason of the Defendant carrying it for use as a weapon for bodily assault or defense. The State must establish beyond a reasonable doubt that the knife in question was in fact an offensive or dangerous weapon as herein defined."

The only exception taken by defendant to the foregoing instruction was to the inclusion of the term "or defense" in the definition given of a dangerous or offensive weapon. In the context in which Instruction No. 7 was given to the jury, we cannot agree with the defendant that the phrase "or defense" should have been deleted. We agree the instrument carried by the defendant, same being a knife with a seven-inch blade, is not a weapon specifically listed in § 695.2 for use as either an offensive or defensive weapon. In *State v. Watts,* 223 N.W.2d 234 (Iowa 1974), at page 239 we said:

"The subjective reasons for the concealment of the knife on defendant's person, or for its intended use, are of course questions for the jury; but subjective intent to carry the knife as a weapon would have to arise inferentially from the objective facts such as the time and place the defendant was found in possession of the instrument, the manner in which it was concealed on his person, or other facts which would indicate the defendant intended to use the instrument as a weapon *of defense* or assault." (citations). (emphasis supplied).

See also *State v. Hill,* 258 Iowa 932, 140 N.W.2d 731.

The trial court did not err in refusing to delete the phrase "or defense" from Instruction No. 7.

III. Defendant next contends the court erred in instructing the jury as it did in Instruction No. 9, which is a verbatim reiteration of Uniform Instruction 530.3 and reads as follows:

"The object or purpose of carrying a concealed weapon is immaterial in this case, but to be guilty of the offense charged one must have consciously or intentionally carried the weapon with knowledge of its real character as a weapon.

"Whether or not the Defendant consciously or intentionally carried the weapon with knowledge of its real character involves a state of mind. This is seldom capable of proof by positive or direct evidence, but is to be determined by such reasonable inferences and deductions from the facts and circumstances proved by the evidence as the guarded judgment of a candid and cautious person would ordinarily draw therefrom.

"The State must establish beyond a reasonable doubt that the Defendant consciously or intentionally carried the weapon with knowledge of its real character as a weapon."

■ Defendant contends the trial court should not have incorporated in Instruction No. 9 that portion thereof which reads as follows: "The object or purpose of carrying a concealed weapon is immaterial in this case." We must agree. Instructions must be viewed together and not separated into parts or treated piecemeal. *State v. Morelock,* 164 N.W.2d 819, 822 (Iowa 1969). "The ultimate test for instructions is whether they clearly set out for the jury the issues to be determined or whether the jury is likely to be confused or misled." *Id.* at 823.

Section 695.2, The Code, 1973, provided that it should be unlawful for any person " * * * to go armed with or carry a dirk, dagger, sword, pistol, revolver, stiletto, metallic knuckles, pocket billy, sandbag, skull cracker, slug shot or other offensive or dangerous weapon, except hunting knives adapted and carried as such, concealed either on or about his person, * * *."

■ Clearly, the knife defendant produced and handed to the custodial officer was not such a weapon as is referred to, and the carrying of which is proscribed by, the cited statute. Clearly, the purpose or motive of the defendant in carrying a weapon not specifically referred to in § 695.2 is a material element of the offense. See also *State v. Hill, supra.*

Trial court's error with respect to Instruction No. 9 necessitates reversal.

■ IV. At the close of the State's case, out of the presence of the jury, defendant's counsel dictated into the record a motion for mistrial based on the fact defendant had been brought to court during the voir dire questioning of the jury panel in what his counsel characterized as "prison garb, consisting of a blue shirt, denim jeans, and white tennis shoes, clearly distinguishing him as an inmate." Counsel asserted defendant suffered prejudice from his appearance so clad which would deny him a fair trial.

In ruling on the defendant's motion for a mistrial, the court observed, 'I didn't totally recognize, at least—I thought prison garb was blue pants and blue shirt and black shoes. I observed that the defendant was wearing brown pants and white shoes and what appeared to me to be a regular prison garb shirt—a blue cotton twill shirt." The court advised counsel that he had consulted with the officers who escorted defendant to court just prior to noon or just after the noon recess and requested that the defendant be returned to court in "lay" clothes, and that all witnesses from the institution subpoenaed by the defendant be in like attire.

The court ruled that since the jurors had all been told in voir dire that the crime was allegedly committed in the penitentiary and that defendant was an inmate there, de-

fendant's dress did not result in prejudice to him sufficient to require a mistrial. The court further observed it felt in all fairness all defendants should be dressed as "any other member of the court".

Defendant asks us to adopt in its entirety § 4.1(b) of the American Bar Association Standards for Criminal Justice—Trial by Jury. In light of our conclusion this case must be reversed for the error of the court in the giving of Instruction No. 9, we need not belabor this point. We assume that upon retrial of this case the prison authorities and the officers of the court will be doubly cautious in seeing to it defendant is not required to appear in the distinctive garb of an inmate of the penitentiary.

V. In view of our determination to reverse and remand this case to the trial court for further proceedings, we deem it unnecessary to comment upon defendant's last proposition, namely, his assertion he failed to receive a fair trial.

In sum, we conclude the trial court erred in the giving of Instruction No. 9. We therefore reverse this case and remand it for a new trial.

REVERSED AND REMANDED.