STATE of Iowa, Appellee,

v.

Jimmie Winston WARE, Appellant.

No. 59445.

Supreme Court of Iowa.

Aug. 31, 1977.

Johnson & Phelan by Thomas T. Skewes, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., Richard A. Williams, Asst. Atty. Gen., Joel J. Kamp, Asst. County Atty., for appellee.

RAWLINGS, Justice.

Defendant, Jimmie Winston Ware, was charged with carrying a concealed weapon in violation of Section 695.2, The Code 1975. Trial jury found him guilty and judgment was accordingly entered.

We now review a court of appeals decision which reversed defendant's conviction on the ground a marshalling jury instruction given by trial court inadequately propounded the State's burden of proof regarding defendant's carrying of a knife with intent to use it as an offensive or dangerous weapon. See *State v. Watts*, 223 N.W.2d 234 (Iowa 1974).

Viewed in a light most favorable to the jury verdict this is, in brief, the factual basis upon which the presently involved charge was premised. August 4, 1975, Ware, a penitentiary inmate, was ordered to "strip" for a search. He promptly withdrew a knife from under his clothing and placed it on a table. This instrument had a dull six inch blade with three more inches of taped area. One prison official testified institution rules prohibited the carrying of knives by inmates.

Ware contends he is entitled to a reversal because of (1) the aforesaid marshalling instruction, and (2) insufficiency of evidence to support the charge made.

I. In connection with his appeal defendant has at all times appropriately conceded the first error asserted by him, *supra*, was not preserved for review. Consequent-

ly, it has never justified and does not now merit appellate consideration. *State v. Reynolds*, 250 N.W.2d 434, 441 (Iowa 1977). See also *State v. Still*, 244 N.W.2d 805, 807 (Iowa 1976); *State v. Yates*, 243 N.W.2d 645, 650 (Iowa 1976); *State v. Lyles*, 225 N.W.2d 124, 127 (Iowa 1975). The court of appeals erred in holding to the contrary.

■ II. On the other hand, Ware postulates it is our duty to entertain his aforesaid belated assignment under the provisions of Code § 793.18, quoted in *State v. Wisher*, 217 N.W.2d 618, 620 (Iowa 1974). We are not so persuaded. As this court said in *State v. Smith*, 228 N.W.2d 111, 112 (Iowa 1975):

"Our statutory duty to review the record in a criminal case without regard to technical errors or defects does not confer upon us either the duty or authority to treat the unexcused failure to make an otherwise mandatory record regarding the admissibility of evidence *or the court's instructions* as a mere technical error or defect. § 793.18, The Code; *State v. Wisher*, supra; *State v. Galvan*, 181 N.W.2d 147, 149 (Iowa 1970); *State v. Kramer*, 252 Iowa 916, 109 N.W.2d 18 (1961); see D. Rendleman, The Scope of Review in Criminal Appeals and the Iowa Judgment on the Record Statute, 22 Drake L.Rev. 477 (1973). [emphasis supplied].

"Defendant had a fair trial. No substantial right was denied him. His failure to make a proper record regarding his present complaints must be ascribed to waiver rather than injustice. Cf. *State v. Lunsford*, 204 N.W.2d 613, 618–619 (Iowa 1973); *State v. Kramer*, supra."

See also *State v. Miller*, 229 N.W.2d 762, 765 (Iowa 1975).

■ III. Finally, a review of the record leads us to conclude the evidence adduced in course of trial amply justified submission of this case to the jury. See *State v. Overstreet*, 243 N.W.2d 880, 883–884 (Iowa 1976).

We reverse the court of appeals. Defendant's conviction and sentence are reinstated.

REVERSED.

MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ., concur.

McCORMICK, MASON and REYNOLDSON, JJ., dissent.

McCORMICK, Justice (dissenting).

This defendant stands convicted of a crime the jury did not find he committed. The conviction rests on a marshalling instruction which omitted an essential element in the State's proof, and the verdict therefore did not adjudicate the defendant's guilt of the crime charged. I agree with the court of appeals that the case should be reversed and remanded for new trial under § 793.18, The Code.

Ordinarily matters not raised in the trial court, including constitutional questions, cannot effectively be asserted for the first time on appeal. *State v. Ritchison*, 223 N.W.2d 207, 213 (Iowa 1974). The case relied on by the majority, *State v. Smith*, 228 N.W.2d 111 (Iowa 1975), illustrates the ordinary situation. There the defendant contended his conviction should be reversed because of prosecutor misconduct and because of the trial court's failure to instruct the jury to disregard evidence received through the alleged misconduct. We held preservation of error at the trial level was mandatory in those situations.

However, § 793.18, The Code, creates an exception to the general rule. It provides:

If the appeal is taken by the defendant, the appellate court must examine the record, without regard to technical errors or defects which do not affect the substantial rights of the parties, and render such judgment on the record as the law demands; it may affirm, reverse, or modify the judgment, or render such judgment as the district court should have done, or order a new trial, or reduce the punishment, but cannot increase it.

This provision has been in the Code since 1851. It was explained in *State v. Brainard*, 25 Iowa 572, 581 (1868):

It is made the duty of this court to decide criminal appeals according to the

very justice of the case as shown by the record, without regard to technical errors. It does not harmonize with the humane spirit of the statute to lay down the iron rule that the defendant must inevitably and in all cases be visited with the consequences of the omissions or errors of counsel.

Application of the provision has been reserved for extreme cases. It applies when a material defect appears on the face of the record which shows the accused has not had a fair trial. *State v. Martin*, 243 Iowa 1323, 1327, 55 N.W.2d 258, 260–261 (1952). Ordinarily it does not excuse a failure to follow established procedures to preserve error. See *State v. Kramer*, 252 Iowa 916, 918–919, 109 N.W.2d 18, 19 (1961).

The statute provides a basis for review of asserted error in a trial court's instructions when error was not preserved only "in an exceptional case, when this court is satisfied that the failure to instruct properly has deprived the defendant of a fair trial." *State v. Hathaway*, 100 Iowa 225, 229, 69 N.W. 449, 450 (1896).

The present case comes within the exception. An accused's constitutional right to a fair trial includes the right to require the State to prove all the elements essential to constitute the crime charged. In *State v. Burns*, 181 Iowa 1098, 1101–1102, 165 N.W. 346, 348 (1917), the court said:

Until the proof is forthcoming from the state to establish all the essential elements of the crime charged against the citizen, the presumption of innocence stands between him and conviction. It is fundamental that every man is presumed to be innocent, when placed on trial, until proved to be guilty. To make out his guilt by proof, the proof must affirm the existence of every element essential to constitute the crime. No verdict of a jury can stand in this court where there is absence of proof of any of the elements essential to constitute the crime against which the statute is lodged.

In keeping with this principle, we have consistently held under § 793.18 that trial court

preservation of error is not mandatory when the record shows the conviction under review was obtained without proof of an essential element of the crime charged. See *State v. Masters*, 171 N.W.2d 255 (Iowa 1969), cert. denied, 397 U.S. 1052, 90 S.Ct. 1391, 25 L.Ed.2d 667 (1970); *State v. Olson*, 260 Iowa 311, 149 N.W.2d 132 (1967); *State v. Hill*, 258 Iowa 932, 140 N.W.2d 731 (1966); *State v. Stodola*, 257 Iowa 863, 134 N.W.2d 920 (1965); *State v. Cusick*, 248 Iowa 1168, 84 N.W.2d 554 (1957). The present case is of that kind.

A conviction of the crime of carrying a knife as a concealed weapon under § 695.2, The Code, requires proof that the accused carried the instrument with intent to use it as a weapon. A conviction which occurs despite absence of proof of this element cannot stand even when the accused has not preserved error on the issue in the trial court. *State v. Hill*, supra, 258 Iowa at 935, 140 N.W.2d at 733 (1966).

When a question of fact exists, an element which was not presented to the trier of fact by the trial court's instructions cannot be said to have been proven. An element in dispute is proven only when the trier of fact finds by its verdict that it has been proven. Here the defendant was convicted of carrying a knife as a concealed weapon by a jury which was not required to decide whether he carried it with intent to use it as a weapon. He was thus convicted of the crime charged despite the fact the jury was not required to find that the State proved an essential element. Therefore the jury did not find him guilty of the crime defined by statute. His presumption of innocence of that crime was not overcome. He did not receive a fair trial because he was convicted without a jury determination that the State proved the essential elements of the offense charged. The conviction should be reversed and a new trial granted.

I would affirm the court of appeals.

MASON and REYNOLDSON, JJ., join in this dissent.