# IN THE COURT OF APPEALS OF IOWA

No. 19-0693
Filed November 6, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THOMAS ROBERT STOGDILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Eric J. Nelson, District Associate Judge.

Thomas Stogdill appeals his conviction for assault while using or displaying a dangerous weapon. **AFFIRMED.**

Krisanne C. Weimer of Weimer Law, P.C., Council Bluffs, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Thomas Stogdill appeals his conviction for assault while using or displaying a dangerous weapon. He challenges the sufficiency of the evidence supporting his conviction. We review his claim for correction of errors at law. *See State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013). In doing so, we consider the evidence in the light most favorable to the State and affirm if substantial evidence supports the verdict. *See id.*

The only issue on appeal is whether the household hammer Stogdill threw at the complaining witness is a dangerous weapon. Iowa Code section 702.7 (2018) provides three categories of dangerous weapons. The State concedes that the statute does not list a hammer as a dangerous weapon per se and a hammer does not fall under the category of instruments designed to inflict death or injury. *See* Iowa Code § 702.7. The question is whether the hammer fits into the final category involving instruments used in a way that shows a person intends to inflict death or serious injury on another and which can inflict death when so used. *See id.* Under this definition, almost any instrumentality can be a dangerous weapon in some cases. *See State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010).

Our supreme court recognized long ago that a person could use a hammer as a weapon even though it is "manufactured and generally used for peaceful and proper purposes." *State v. Hill*, 140 N.W.2d 731, 733 (Iowa 1966). As have we. *See State v. Workman*, No. 06-0151, 2007 WL 1687506, at *3 (Iowa Ct. App. June 13, 2007) (noting that a great number of common items can be used as a weapon, including "baseball and softball bats; garden and yard tools such as scythes, axes, hatchets, and hammers; and many carpenters' tools and lumbermans' tools");

*State v. Bailey*, No. 02-0197, 2003 WL 22187152, at *1 (Iowa Ct. App. Sept. 24, 2003) (detailing blunt-force injuries to head by hammer that caused death in first-degree murder case). "Striking someone repeatedly in the head with [a] hammer undoubtedly presents a real hazard or danger of death." *State v. Tolbert*, No. 12-0046, 2012 WL 5605277, at *5 (Iowa Ct. App. Nov. 15, 2012). But a reasonable juror could conclude that even one blow to the head from a hammer can cause death. *See Goolsby v. State*, 492 So. 2d 635, 637 (Ala. Crim. App. 1986) (holding that the act of swinging a hammer at another's head is "highly capable" of causing death or serious bodily harm); *State v. Ramos*, 860 A.2d 249, 258 (Conn. 2004) ("Here, at the latest, the hammer became a dangerous instrument . . . when the defendant, who was sitting in the vehicle, picked it up and swung it at the victim's head."). Hurling a hammer at another from a distance of five feet would provide the necessary force to land such a blow. And by releasing the hammer from his grip, Stogdill left the placement of the blow to chance.

Substantial evidence supports a finding that Stogdill used a hammer in a manner intending to inflict death or serious injury and, when used in this way, a hammer can inflict death. As a result, we affirm Stogdill's conviction for assault while using or displaying a dangerous weapon.

**AFFIRMED.**