# IN THE COURT OF APPEALS OF IOWA

No. 21-1896
Filed October 5, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DILLYN MICHAEL HOWARD,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Bethany J. Currie,

Judge.

        Dillyn Howard appeals his convictions, asserting a retractable baton is not

a dangerous weapon.  **AFFIRMED.**

        Erin Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawal)

and Olivia D. Brooks, Assistant Attorneys General, for appellee.

        Considered by Bower, C.J., Tabor, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2022).

**BOWER, Chief Judge.**

Dillyn Howard appeals his convictions for first-degree robbery and assault while using or displaying a dangerous weapon. Because substantial evidence supports Howard's convictions for first-degree robbery and assault while using or displaying a dangerous weapon, we affirm.

**I. Background Facts & Proceedings.**

On June 7, 2021, a Git-n-Go was robbed. After wandering around the store, the robber pulled an extendable baton from his backpack, opened it with a snap, and approached the cashier with his arm holding the baton extended in front of him. He used the baton to emphasize his instructions to the cashier, indicating towards the safe, and then to back away. The robber stole money from the safe and several packs of cigarettes.

Howard was identified by the store manager and other employees as the robber. The police established additional evidence and charged Howard with first-degree robbery, assault while using or displaying a dangerous weapon, and third-degree theft. A jury trial was held September 14 through 16, and the jury convicted Howard of all three offenses.

Howard appeals, asserting the evidence presented is insufficient to support his convictions for first-degree robbery and assault while using or displaying a dangerous weapon because the baton used does not constitute a dangerous weapon for purposes of either offense and it was not displayed in a threatening manner for purposes of the assault.[1]

---

[1] Howard makes no argument of insufficient evidence to support his third-degree theft conviction.

**II. Standard of Review.**

"We review the sufficiency of the evidence for correction of errors at law." *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). "We review all of the evidence presented at trial and consider it in the light most favorable to the State." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019), *abrogated on other grounds by State v. Crawford*, 972 N.W.2d 189, 197 (Iowa 2022). "To the extent [Howard's] appeal involves questions of statutory interpretation, we review for correction of errors at law." *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted).

**III. Sufficiency of the Evidence.**

*Dangerous weapon.* Howard first argues an extendable baton does not meet the statutory definition of a "dangerous weapon." Iowa Code section 702.7 (2021) defines a dangerous weapon:

> A "dangerous weapon" is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. . . . Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon. Dangerous weapons include but are not limited to any offensive weapon, pistol, revolver, or other firearm, dagger, razor, stiletto, switchblade knife, knife having a blade exceeding five inches in length, or any portable device or weapon directing an electric current, impulse, wave, or beam that produces a high-voltage pulse designed to immobilize a person.

In *Howse*, our supreme court examined the statute and used three approaches to analyze whether an item can meet the statutory definition of a dangerous weapon. 875 N.W.2d at 689 (quoting Iowa Code § 702.7). The first type of dangerous weapon is an item designed primarily to inflict death or injury

and can inflict death when used in its designed manner. *Id.* A second type of dangerous weapon is an item actually used to threaten death or serious injury and is capable of inflicting death. *Id.* The third category are per se dangerous weapons, with an itemized list and a group of devices that can direct electrical current or a high voltage pulse.[2] *Id.* "[T]he character of a dangerous weapon attaches by adoption when the instrument is applied or is carried for use against another in furtherance of an assault." *State v. Hill*, 140 N.W.2d 731, 733 (Iowa 1966); *see State v. Ortiz*, 789 N.W.2d 761, 767 (Iowa 2010) (observing the manner in which items are used determines whether they are dangerous weapons).

The State called Officer Ryan Dehl to testify to establish the baton is a dangerous weapon. Officer Dehl is a certified baton instructor and has been teaching law enforcement personnel how to carry and use an extendable baton for thirteen years. He explained the different parts of the baton to the jury, and as the telescoping sections lock into place, it makes a distinctive sound. "When you open the baton, it's made to be loud. It's made to be heard. It's made to make a statement that we are very serious about what we're asking you to do."

He was then questioned about what kind of injury a baton can be used to inflict:

> Q. Officer Dehl, based on your training and experience, are batons capable of inflicting death on a human being when they're used in the manner for which they are designed?
> . . . .
> A. So there are specific targets that we're told to not hit. And those targets are the head, the neck, the spine, the sternum and the groin. And the reason that we don't target these areas intentionally

---

[2] The baton used in the robbery and assault here is neither listed as a per se dangerous weapon, nor does it direct an electric current or pulse designed to immobilize, so it does not fall within the third category.

and we avoid hitting them is because the chances of serious injury or fatality could occur.

So in my opinion, yes, if [the baton manufacturer] is telling us and we're telling officers and we're training officers to not strike these areas, it's because serious injury could occur or even possibly a fatality.

When asked what sort of serious injury besides death a baton could inflict, Officer Dehl listed "serious injury, paralysis. They could break bones. They could cause bruising."

Officer Dehl further explained batons are capable of inflicting death:

Well, if you're hit too hard in the head, I think everyone could agree that you could die. If you're hit too hard in the neck, you could be paralyzed. If you're hit too hard in the sternum or the groin, these things can cause serious injury and that's why we avoid hitting them.

In addition to Officer Dehl's testimony, the State offered surveillance video showing Howard's actions with the baton and the cashier's reactions. Howard opened the baton with a snap as he approached the cashier, pointing the baton at the cashier with his arm extended, and using the baton to direct the cashier around within striking distance. While pointing the baton at her, he commented her "life is more important than money and to not hit the buzzer."

Taken as a whole, this testimony establishes the retractable baton was "actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury upon the other" and was "capable of inflicting death upon a human being." Thus, substantial evidence was presented to show the baton qualifies as a dangerous weapon. We affirm Howard's convictions.

**AFFIRMED.**