# IN THE COURT OF APPEALS OF IOWA

No. 14-0281
Filed February 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOEL ZAMORA,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

Defendant appeals his convictions for first-degree burglary and first-degree robbery. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Janet Lyness, County Attorney, and Anne Lahey, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Doyle, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Defendant Joel Zamora appeals his convictions for first-degree burglary and first-degree robbery, contending he received ineffective assistance of counsel. We affirm his convictions.

**I. Background Facts & Proceedings.**

On August 5, 2013, Ofelia Zepeda and her three children were in their trailer home in Iowa City when two men walked in. Ofelia identified one of the men as Joel Zamora. She testified Zamora put a gun to her head and asked for money. When she told him she did not have any money, Zamora pointed the gun at her children. The men took about $2000 from Ofelia's purse. The other man found the oldest child's wallet and took his money as well. The men locked the children in the bathroom. They taped Ofelia's hands and mouth and had her lay down on the floor. They took Ofelia's cell phone and told her they would kill her and the children if she called the police.

Zamora was charged with burglary in the first degree, in violation of Iowa Code section 713.3(1)(b) (2013), and robbery in the first degree, in violation of section 711.2. For both offenses the State alleged Zamora had a dangerous weapon. After a trial, the jury found Zamora guilty of both offenses. Defense counsel made a general motion to dismiss the case without stating any specific reasons. The motion was denied. Zamora was sentenced to a term of imprisonment not to exceed twenty-five years on both charges, to be served concurrently. He now appeals, claiming he received ineffective assistance of counsel.

## II.  Standard of Review.

We review claims of ineffective assistance of counsel de novo.  *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).  To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial.  *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).  A defendant has the burden to show by a preponderance of the evidence counsel was ineffective.  *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).  While we normally preserve claims of ineffective assistance of counsel for possible postconviction proceedings where, as here, the record is adequate, we will decide the issue on direct appeal.  *See State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

## III.  Discussion.

Zamora contends he received ineffective assistance because his defense counsel in his posttrial motion did not argue there was insufficient evidence to show he was armed with a dangerous weapon.  Zamora's girlfriend, Renae Starr, testified she drove Zamora and the other man to the trailer court, but in her testimony, she did not mention the presence of a gun.  Zamora also points out officers did not recover a gun.

A jury's verdict will be upheld when it is supported by substantial evidence.  *State v. Hagedorn*, 679 N.W.2d 666, 668 (Iowa 2004).  "Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt."  *State v. Quinn*, 691 N.W.2d 403, 407 (Iowa 2005).  We view the evidence in the light most favorable to the State, "including legitimate inferences and presumptions that may fairly be deduced from the record

evidence." *State v. Carter*, 696 N.W.2d 31, 36 (Iowa 2005). It is the function of the jury to weigh the evidence and "place credibility where it belongs." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). The jury is free to accept or reject any part of a witness's testimony. *Id.*

Ofelia testified the gun "was a small revolver, the one that you—the kind that you load with bullets." She stated Zamora first put the gun to her forehead, then her temple, then pointed it at her children. In the courtroom she identified Zamora as the person who pointed a gun at her head. The oldest child, who was twelve at the time of the incident, testified the gun "looked like the ones like that spin around. The one that look like you can put bullets in there." He testified Zamora pointed the gun at his mother and then at him and his sisters. In the courtroom the oldest child also identified Zamora as the person with a gun.

We conclude there is sufficient evidence in the record to support a finding Zamora was armed with a gun. Pistols, revolvers, and other firearms are considered to be dangerous weapons under section 702.7. *See State v. Juergens*, 240 N.W.2d 647, 649 (Iowa 1976) (noting firearms are per se dangerous weapons). We determine Zamora has not shown he received ineffective assistance of counsel. "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

We affirm Zamora's convictions for first-degree burglary and first-degree robbery.

**AFFIRMED.**